Robert E. and Lavina Rushing v. Commissioner.
Rushing v. Comm'r
Docket No. 30964.
United States Tax Court
1952 Tax Ct. Memo LEXIS 250; 11 T.C.M. (CCH) 396; T.C.M. (RIA) 52117; April 21, 1952
*250 Robert E. Rushing, for the petitioners. Paul M. Newton, Esq., and John W. Alexander, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: This proceeding involves deficiencies in income tax and penalties for the calendar years 1946, 1947 and 1948. Petitioners filed separate returns on the community property basis for 1946 and joint returns for 1947 and 1948. The deficiency letter for the taxable year ended December 31, 1947, was directed to Robert *251 E. Rushing and Mrs. Robert E. (Lavina) Rushing, his wife. Their first petition was filed only in the name of Robert E. Rushing and no statement was set forth explaining the absence of Lavina Rushing's name on the petition. Because of the failure of Lavina Rushing to file within the statutory time, the petition was dismissed upon motion of respondent in so far as it related to her liability for the taxable year 1946. Certain adjustments made by the respondent are not in controversy. An amended petition asserts that the liability as determined by the respondent for 1946, 1947 and 1948 is $24,033.12, of which approximately $14,164.97 is in dispute. The following questions are before us: (1) Are petitioners entitled to deduct the amounts claimed for travel, advertising, entertainment, depreciation, repairs, materials and supplies, and office expenses for each of the years involved? (2) Are petitioners liable for the penalties as determined by respondent? (3) Are petitioners entitled to a loss sustained in the sale of equipment in 1948? Findings of Fact Petitioners, husband and wife, were residents of Andrews, Texas, in 1946 and 1947, and of Monahans, Texas, in 1948. In 1946 *252 petitioners filed separate returns on the community property basis, and in 1947 and 1948 petitioners filed joint returns. All returns were prepared on the cash basis and filed with the collector of internal revenue for the second district of Texas. Robert E. Rushing will hereinafter be referred to as petitioner. Petitioner was in the oil field contracting business. His work consisted of servicing wells, constructing derricks, setting units, swabbing wells, pulling rods and tubing, and general construction work in the oil field. He employed from 10 to 40 people in this work. Petitioner in each of the taxable years kept no formal books and records. His income tax returns were prepared by an accountant from information furnished by the taxpayer. The source of this information was cancelled checks and bank statements. Petitioner did not maintain separate bank accounts for his business or personal needs. Prior to the preparation of his income tax returns, he grouped his checks in certain categories of expenses, such as travel, entertainment and repairs and obtained total amounts therefrom. During the conferences with the internal revenue agent, petitioner regrouped these checks into *253 other categories and obtained new totals. Later, at the hearing, he regrouped these checks for the third time and thus established the third set of expense figures. In each group [1] of checks presented at the hearing allegedly representing expenses for travel, advertising and entertainment, there were checks made payable to cash, individuals, restaurants, liquor stores, drug stores, grocery stores, and clothing stores. Only in general terms and from his memory was petitioner able to give the number and names of persons entertained and the amounts of alleged expenses for gifts and advertising. Early in 1948 petitioner purchased a drilling rig and swabbing unit. The drilling rig was purchased partly from Mid-Continent Supply Company and partly from Cardwell Manufacturing Company, Inc. The swabbing unit was purchased from Cardwell. Petitioner made a down payment of $5,500 on the rig to Mid-Continent, and he also made a down payment of $7,201.44 to Cardwell for the rig. Subsequently he made three note payments to Cardwell *254 for the rig which totaled $3,594. On the swabbing unit he made a down payment of $1,824.36. He made further payments which totaled $1,816. The aggregate of all payments on these two pieces of equipment was $19,935.80. In the latter part of 1948 petitioner was unable to meet his installment on the payments. An arrangement was worked out whereby a third party would take over the equipment and assume the obligation on it. In addition, the third party paid the petitioner $7,970.51 for his equity in the equipment. In his 1948 income tax return petitioner claimed a loss on this equipment under "Property Other Than Capital Assets" in the amount of $11,485.83. Petitioner sustained a loss on the sale of this equipment in the amount of $11,485.83. Opinion Petitioner, a taxpayer without legal knowledge or experience, was not represented by counsel in this proceeding. Before the hearing began, the Court suggested to the petitioner that due to the large sum of money involved, the rules governing the admission of evidence, and the Court's inability to try the case for him, it might be advisable for him to be represented by counsel. The Court offered to delay the hearing, if the petitioner so *255 desired, so that counsel might be obtained. The petitioner declined the offer and proceeded to try the case himself. From the record it is evident that petitioner did not prepare his case; nor did he present evidence by which we might determine the validity of his claims concerning his expenses. Aside from petitioner's testimony, which fails to substantiate his contentions, he only presented four exhibits. Each exhibit consisted of an envelope containing cancelled checks. Exhibit No. 1, entitled "1946 Travel $3,079.45", contains some 62 cancelled checks. Exhibit No. 2, entitled "Travel, Entertainment & Advertising -8- [1948] $3,768.83", contains 99 cancelled checks. Exhibit No. 3, entitled "Entertainment & Adv. $1,917.50", contains 62 cancelled checks. Exhibit No. 4, entitled "1946 Materials & Supplys [Supply] $18,239.94", contains some 131 cancelled checks. As stated in the facts, each group of checks was made payable to various persons and business establishments. Petitioner admitted that some portion could have been used for personal expenses. He was unable, except in a general way, to account for any of these expenses. We have carefully examined the checks and from them *256 alone we can not allocate the expenses to the various expense accounts as suggested by the petitioner. Moreover, we can not adopt petitioner's contentions as to the total amounts expended for travel, advertising, entertainment, depreciation, repairs, materials and supplies, and office expenses. The adjustments as determined by the respondent must be sustained. It is well established that all deductions from gross income are a matter of legislative grace rather than a matter of right. White v. United States, 305 U.S. 281. A denial of the claimed deductions by the respondent carries a presumption of correctness. Welch v. Helvering, 290 U.S. 111. The burden of proving the inconsistencies of respondent's determination is placed upon the petitioner. Rule 32, Rules of Practice of the Tax Court. Petitioner has failed, with one exception, as explained below, to meet this burden. Our decision is not in conflict with the Cohan rule, Cohan v. Commissioner, 39 Fed. (2d) 540, for here reasonable deductions have been allowed by the respondent. The petitioner contends that the respondent has erred in determining the depreciation expense. From the revenue *257 agent's report we find that the estimated life of petitioner's machinery was increased by one or more years and therefore the depreciation rate per year on some equipment was reduced. The petitioner failed to show that the respondent's determination was in error. The respondent, however, does show that some items which the petitioner deducted as expenses were properly capital improvements and so accounted for by the respondent in the depreciation schedule. The respondent's depreciation schedule is approved. Petitioner also alleges error in respondent's determination of penalties under section 293 (a) [2] and section 294 (d), [3] I.R.C. In regard to the negligence penalty under section 293 (a), a finding that the return is incorrect, or that the taxpayer did not keep proper or complete records, or that his calculations are confusing, is not enough to warrant the imposition of the penalty. Bennett v. Commissioner, 139 Fed. (2d) 961, affirming Memorandum Opinion of the Tax Court. We can not find on this record that petitioner intentionally disregarded the rules and regulations of the Commissioner. While petitioner's bookkeeping methods would seem to *258 be open to a certain amount of criticism, this falls short of an intentional disregard of the regulations. The respondent's determination on this point is disapproved. *259 With regard to the penalties for the failure to file declaration of estimated tax and for substantial underestmation, the petitioner has failed to show that he filed an estimate, or if he filed it, that it was not substantially understated. The petitioner did not offer any evidence to demonstrate that his failure to file a declaration of estimated tax was "due to reasonable cause and not to willful neglect". Therefore the respondent's determination as to these penalties under section 294 (d) must be approved. See Carl M. Stephan, 16 T.C. 1157 (on appeal C.A. 5); also see Albert T. Felix, 12 T.C. 933. Petitioner alleges that the respondent erred in disallowing the loss sustained in the sale of a swabbing unit and a drilling rig. We feel that sufficient evidence has been adduced to sustain the petitioner's burden of proof as to this loss under section 117 (j). However, the loss must be limited to that claimed in his 1948 return; the pleadings failed to raise the issue of a larger claim and we can not consider it on the record alone. Decision will be entered under Rule 50. Footnotes
1. At the hearing petitioner presented four exhibits. Each exhibit consisted of cancelled checks enclosed in an envelope, and arranged without any order or system.↩
2. SEC. 293. ADDITIONS TO THE TAX IN CASE OF DEFICIENCY. (a) Negligence. - If any part of any deficiency is due to negligence, or intentional disregard of rules and regulations but without intent to defraud, 5 per centum of the total amount of the deficiency (in addition to such deficiency) shall be assessed, collected, and paid in the same manner as if it were a deficiency, except that the provisions of section 272(i), relating to the prorating of a deficiency, and of section 292, relating to interest on deficiencies, shall not be applicable. ↩
3. SEC. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT. * * *
(d) Estimated Tax. - (1) Failure to File Declaration or Pay Installment of Estimated Tax. - (A) Failure to File Declaration. - In the case of a failure to make and file a declaration of estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 per centum of each installment due but unpaid, and in addition, with respect to each such installment due but unpaid, 1 per centum of the unpaid amount thereof for each month (except the first) or fraction thereof during which such amount remains unpaid. * * *
(2) Substantial Underestimate of Estimated Tax. - If 80 per centum of the tax (determined without regard to the credits under sections 32 and 35), in the case of individuals other than farmers exercising an election under section 60(a), or 66 2/3 per centum of such tax so determined in the case of such farmers, exceeds the estimated tax (increased by such credits), there shall be added to the tax an amount equal to such excess, or equal to 6 per centum of the amount by which such tax so determined exceeds the estimated tax so increased, whichever is the lesser. * * *↩