CARL M. STEPHAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EVELYN STEPHAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 25668, 25669. Promulgated May 25, 1951.

1158

*Jesse H. Oppenheimer*, *Esq.*, for the petitioners,
*F. S. Gettle*, *Esq.*, for the respondent.

OPINION.

BLACK, *Judge:* The petitioners timely filed a joint amended declaration of estimated tax for the fiscal year ended August 31, 1945, on September 15, 1945, disclosing an estimated tax due of $70,000. No part of the tax was paid on September 15, 1945, on which date the estimated tax was due; no payment was made by petitioners until March 13, 1946. Each petitioner filed a separate income tax return (Form 1040) for the fiscal year ended August 31, 1945, on November 15, 1945, and petitioners paid no part of the estimated tax on that date nor did they pay any part of the tax shown to be due by the income tax returns. No payment of any taxes was made until March 13, 1946. The payment of taxes was made in the manner indicated in the stipulated facts, periodic payments being made by petitioners between March 13, 1946, and September 16, 1946.

The petitioners failed to show that either of them was granted an extension of time by the Commissioner for filing a declaration of estimated tax and paying the estimated tax. The petitioners have not raised the question of reasonable cause for their failure to pay the estimated tax when due, and the facts in the instant case do not show any grounds for reasonable cause for failure to pay the estimated tax when due.

There is no dispute between the petitioners and the respondent with respect to the timely filing of the joint amended declaration of estimated tax for the taxable year in question. The question presented for our decision is: Are the petitioners liable under section 294 (d) (1) (B) of the Code for a 6 per cent addition to tax or a 10 per cent addition to tax for failure to pay, within the time provided by the

Code, their declared estimated income tax due on September 15, 1945? Section 294 (d) (1) (B) reads:

SEC. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(d) ESTIMATED TAX.—

(1) FAILURE TO FILE DECLARATION OR PAY INSTALLMENT OF ESTIMATED TAX.—

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(B) FAILURE TO PAY INSTALLMENTS OF ESTIMATED TAX DECLARED.—Where a declaration of estimated tax has been made and filed within the time prescribed, or where a declaration of estimated tax has been made and filed after the time prescribed and the Commissioner has found that failure to make and file such declaration within the time prescribed was due to reasonable cause and not to willful neglect, in the case of a failure to pay an installment of the estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 per centum of the unpaid amount of such installment, and in addition 1 per centum of such unpaid amount for each month (except the first) or fraction thereof during which such amount remains unpaid. In no event shall the aggregate addition to the tax under this subparagraph with respect to any installment due but unpaid, exceed 10 per centum of the unpaid portion of such installment.

The respondent determined additions to tax under this section to the extent of 10 per cent of the amended estimate of tax which showed a joint estimated tax liability of $70,000 for the petitioners. As the petitioners filed separate income tax returns (Form 1040) for that fiscal period, respondent determined the 10 per cent addition to tax, or $3,500, against each petitioner. Petitioners have taken exception to such action in so far as the addition to tax exceeds 6 per cent, and they contend that the monthly 1 per cent addition to tax for nonpayment of the estimated tax should not continue after the filing of, and passing of the due date for, the income tax return. When this interpretation is given, petitioners contend the addition to the tax should be only 6 per cent.

The issue was developed in the briefs by arguments discussing the intent of Congress in enacting this section of the Code. An outline of Supplement M indicates how section 294 is coordinated with other sections of the Code relating to interest and additions to the tax:

Supplement M—Interest and Additions to the Tax

Sec. 291. Failure to file return.
Sec. 292. Interest on deficiencies.
Sec. 293. Additions to the tax in case of deficiency.
Sec. 294. Additions to the tax in case of nonpayment.
Sec. 295. Time extended for payment of tax shown on return.
Sec. 296. Time extended for payment of deficiency.
Sec. 297. Interest in case of jeopardy assessments.
Sec. 298. Bankruptcy and receiverships.
Sec. 299. Removal of property or departure from United States.

Section 294 of the Code contains five subsections, as follows:

SEC. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT.
  (a) TAX SHOWN ON RETURN.—
  (b) DEFICIENCY.
  (c) FILING OF JEOPARDY BOND.
  (d) ESTIMATED TAX.—
    (1) FAILURE TO FILE DECLARATION OR PAY INSTALLMENT OF ESTIMATED TAX.
      (A) Failure to File Declaration.—
      (B) Failure to Pay Installments of Estimated Tax Declared.—
    (2) SUBSTANTIAL UNDERESTIMATE OF ESTIMATED TAX.—
    (3) TAX ON SELF-EMPLOYMENT INCOME.—
  (e) SUBSTANTIAL OVERSTATEMENT OF EXPECTED CARRY-BACKS.—

Other phases of the estimated tax portion of the pay-as-you-go plan, which sections are not essential in reaching our decision here, are set forth in sections 58, 59, and 60 of the Internal Revenue Code.

We have examined the legislative history of section 294 (d) (1) (B) of the Code and we have considered the pertinent committee hearings and the light they have shed on legislative intent. We have noted in particular Senate Report No. 627 of the 78th Congress, 1st Session, which relates to the Revenue Act of 1943 and this report, released by the Senate Committee on Finance on December 22, 1943, explained the purpose of amending section 294 (a) (4) of the Code. Section 294 (d) (1) (B) of the Code replaced section 294 (a) (4), see Revenue Act of 1943. Section 294 (a) was amended by section 5 (b), Current Tax Payment Act of 1943, by adding certain subsections, including section 294 (a) (4) which provided as follows:

SEC. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT.
  (a) TAX SHOWN ON RETURN.—

  *       *       *       *       *       *       *

    (4) FAILURE TO PAY INSTALLMENT OF ESTIMATED TAX.—In the case of the failure to pay an installment of the estimated tax within the time prescribed, there shall be added to the tax $2.50 or 2½ per centum of the tax, whichever is the greater, for each installment with respect to which such failure occurs.

At pages 21 and 22 the Committee Report states:

Penalties Connected with Estimated Tax

Your committee has revised the penalties connected with the filing and payment of estimated tax under the Current Tax Payment Act of 1943. There are considerable complications in the present law which are traceable to the difficulty of estimating a year's income ahead of time. The many unknowns in such a prediction cause numerous cases of hardship, especially for merchants, small businessmen, farmers. and commission salesmen. The penalties which are changed are those for substantial underestimate of the tax, for failure to file an estimate, and failure to pay an installment of the tax.

1. *Substantial underestimate of the tax.*

  *       *       *       *       *       *       *

2. *Failure to file an estimate of tax or failure to pay an installment of the estimated tax.*

The penalties for failure to file a declaration and for failure to pay an installment of the estimated tax are rearranged to make them commensurate with the failure and to graduate them according to the length of time the failure continues. It is also provided that the penalties are not applicable where there is reasonable cause for the delay.

In accordance with the Committee Report, section 294 (a) (4) of the Code was replaced by section 294 (d) (1) (B) of the Code; see section 118 (a) of the Revenue Act of 1943.

Code section 294 (d) (1) (B) has not been amended since the Revenue Act of 1943. The briefs have posed certain hypothetical situations involving this subsection of the Code and presenting difficult problems that might arise before this Court, as the Code now reads. We are not called upon at this time to decide those suppositions.

In deciding this case we cannot ignore the wording of the subsection itself:

* * * there shall be added to the tax 5 per centum of the unpaid amount of such installment, and in addition 1 per centum of such unpaid amount for each month (except the first) or fraction thereof during which *such amount remains unpaid.* * * * [Emphasis added.]

The Code does not provide for the monthly addition to tax to be discontinued with the filing of a timely income tax return on the due date. Instead, it provides that in no event shall the aggregate addition to tax exceed 10 per cent. Of course, it goes without saying that, if when the final return is filed by a taxpayer the tax due is fully paid, all additions to the tax thereafter on account of failure to pay the estimated tax would cease. That would be because no further tax was due. estimated or otherwise. But in the instant case that was not done. When petitioners filed their separate income tax returns on November 15, 1945, they did not pay the tax which was shown to be due on the returns. Nothing was paid until March 13, 1946. Up until that time the entire amount shown on the returns filed November 15, 1945, and on the estimated return of September 15, 1945, remained unpaid. Under these circumstances it seems to us that the Commissioner's imposition of the 10 per cent penalty of the estimated tax is warranted.

The subsection of the Code with which we are now dealing, section 294 (d) (1) (B) has been considered by this Court in only one case so far as we have been able to find, *Albert T. Felix*, 12 T. C. 933. In that case we sustained a 10 per cent addition to tax under section 294 (d) (1) (B) against a taxpayer who, like the petitioners herein, was delinquent in payment of the estimated tax. Felix was a calendar year taxpayer, and on December 15, 1943, he filed an amended Form 1040 ES for the year 1943. Payment of the estimated tax was not made at that time. The taxpayer's income tax return was due, and apparently

filed, on or before March 15, 1944. In sustaining the Commissioner in that case in his imposition of penalties for failure of the taxpayer to pay the estimated tax when due and for a period thereafter, we said:

Section 294 (d) (1) (B) provides an addition to the tax in the case of failure to pay an installment of estimated tax within the time prescribed, unless the failure is shown to the satisfaction of the Commissioner of Internal Revenue to be due to reasonable cause and not to willful neglect. That addition is in the amount of 5 per cent of the unpaid part of the installment, plus an addition of 1 per cent for each month (except the first) during which the installment remains unpaid, but in no event to exceed 10 per cent of the unpaid part of the install-ment. Consequently, a taxpayer who failed to pay any part of an installment when due and for as much as six months thereafter would be liable for the maximum addition of 10 per cent.

It is true that in the *Felix* case, *supra*, we did not rule upon the argument which the petitioners here make, which, as we have already stated, is that when a final return is filed by a taxpayer, the tax shown on the return is the tax due and cancels out any estimated tax which has heretofore been made, and that any additions made to the tax thereafter for nonpayment would be the 6 per cent addition to the tax provided by section 294 (a), I. R. C., and not the penalty provided by section 294 (d) (1) (B) of the Code relating to the estimated tax. In the *Felix* case, however, this Court sustained the 10 per cent addition to tax as determined by the Commissioner because the period of delinquency in the payment of the estimated tax seemed to justify it. While the argument which petitioners here make was not made in the *Felix* case and was therefore not passed upon, nevertheless after carefully considering it, we are not persuaded by it.

Considering both our decision in *Albert T. Felix*, *supra*, and also the actual wording of the subsection of the Code, we find no error in the determination of a 10 per cent addition to tax of each petitioner. On the one issue presented to this Court for decision, we hold for the respondent.

*Decisions will be entered accordingly.*