RENE R. BOUCHE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33249.    Promulgated April 30, 1952.

*Ruth Lewinson, Esq.*, for the petitioner.
*Joseph F. Rogers, Esq.*, for the respondent.

## OPINION.

Van Fossan, *Judge:* Petitioner failed to file a declaration of estimated tax for the taxable year 1947 as required by section 58 (a), Internal Revenue Code.[1] Respondent has accordingly determined that petitioner is subject to an addition to his tax for that year pursuant to section 294 (d) (1) (A) of the Code.[2]

An examination of the statutes reveals that the provisions requiring the filing of a declaration of estimated tax are no less mandatory than those requiring the filing of final income tax returns. The sections of the Code so providing are clear and explicit. They specify which taxpayers shall file and the time and place of filing. They provide for the payments to be made in accordance with the declaration. They provide specifically the sanctions or penalties in the form of additions to the tax that will follow a failure to comply with the law. These statutory provisions are very similar to those providing for the filing of personal holding company returns. In both instances

---

[1] SEC. 58. DECLARATION OF ESTIMATED TAX BY INDIVIDUALS.

(a) REQUIREMENT OF DECLARATION.—Every individual * * * shall, at the time prescribed in subsection (d), make a declaration of his estimated tax for the taxable year if—

(1) his gross income from wages (as defined in section 1621) can reasonably be expected to exceed the sum of $4,500 plus $600 with respect to each exemption provided in section 25 (b) ; or

(2) his gross income from sources other than wages (as defined in section 1621) can reasonably be expected to exceed $100 for the taxable year and his gross income to be $600 or more.

[2] SEC. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT.

\*     \*     \*     \*     \*     \*     \*

(d) ESTIMATED TAX.—

(1) FAILURE TO FILE DECLARATION OR PAY INSTALLMENT OF ESTIMATED TAX.—

(A) Failure to File Declaration.—In the case of a failure to make and file a declaration of estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 per centum of each installment due but unpaid, and in addition, with respect to each such installment due but unpaid, 1 per centum of the unpaid amount thereof for each month (except the first) or fraction thereof during which such amount remains unpaid. In no event shall the aggregate addition to the tax under this subparagraph with respect to any installment due but unpaid, exceed 10 per centum of the unpaid portion of such installment. For the purposes of this subparagraph the amount and due date of each installment shall be the same as if a declaration had been filed with the time prescribed showing an estimated tax equal to the correct tax reduced by the credits under sections 32 and 35.

the filing is mandatory and the failing to file may be excused only if failure was due to a reasonable cause. Although this case appears to be the first case arising under section 294 (d) (1) (A), the decisions in the personal holding company cases are apt. See *Tarbox Corporation*, 6 T. C. 35, and *Hermax Co.*, 11 T. C. 442, affd. 175 F. 2d 776.

Petitioner does not deny the existence of the obligation to file an estimate and pay a part of the tax. In fact, the record shows that he filed such declarations in 1945 and 1946. He contends, however, that his omission to do so in 1947 was "due to reasonable cause and not to willful neglect." He claims he had been subject to heavy expenditures; that his medical expenses were high and he did not have the ready cash available to make the payment, which is to say, he did not find it convenient to pay his estimated installment, together with certain arrears in tax for prior years. When the facts are exposed the weakness of petitioner's case is apparent. For the years 1945, 1946, and 1947 petitioner had net income, before taxes, of approximately $32,500, $26,000, and $27,000, respectively. In 1946 he bought a $30,000 home, paying $20,000 in cash and assuming a mortgage for $10,000. In 1946 he also spent approximately $6,000 furnishing the house with antique furniture, and spent $2,000 to $3,000 in repairs and improvements. Since no estimate was made for 1947, we look to prior years for information as to the probable amount of estimated tax installment that was due in March 1947. We find that for 1945 and 1946 he filed estimates and made appropriate payments of $4,600 and $3,000, respectively. The estimated tax installment for 1947 would, perhaps, have been about $3,000. Petitioner did not file an estimate and pay the installment due because he didn't have ready cash available.

The above facts show the shallowness of petitioner's position. Many, if not most, taxpayers have, at times, found themselves without ready cash to pay their taxes. This fact is not reasonable cause for not filing the estimate and paying the tax due thereon. True, such situations may require sacrifice, but the Government exists only by the sacrifices of the citizens. Taxes may seem oppressive and in derogation of absolute personal right, but taxes must be paid if governments are to endure. We are wholly unimpressed by petitioner's reasons for failure to file his estimated tax and pay the installment due. See *Albert T. Felix*, 12 T. C. 933; *Carl M. Stephan*, 16 T. C. 1157. Taxpayers may not, in marshaling their debts, consign their Federal tax obligations to the bottom of the list. The dignity of the Government's claims entitle it, rather, to top priority.

Petitioner also relies on the fact that he turned over to an accountant all financial affairs, including the preparation of his tax returns, contending that this fact shields him from the penalty imposed by

respondent. For such fact to be a defense against the consequences of the failure to file a return, certain prerequisites must appear. It must appear that the intervening person was qualified to advise or represent the taxpayer in the premises and that petitioner relied on such qualifications. The record here shows only that petitioner had employed an accountant and turned over to him the necessary data. It fails entirely to show that the accountant was a competent tax adviser. He had practiced accounting somewhere in Europe prior to coming to the United States in 1941. He then took some work in a university over the ensuing three years. What this work was or what subjects were pursued is not revealed. He is associated in the practice with a certified public accountant but for aught the record shows this may be the only tax matter he ever handled. The record reveals no other item of experience in tax practice. On such a showing we are unable to find that he was either actually or apparently qualified to give advice on the complicated questions which confront a tax adviser. On this phase of the case there is a complete lack of proof. The burden of proof being on the petitioner, he must bear the consequences of the failure. Furthermore, if the conduct of the accountant in the instant case is typical, and if it is his practice to accept as an adequate basis for advising his clients in tax matters a statement by an unknown, unnamed, and unidentified person who answers the telephone in a collector's office, we would be obliged to hold that such party has thereby shown his lack of qualifications.

We hold that petitioner has not shown that his failure to file the estimate required by law and to pay the appropriate installment was due to reasonable cause.

*Decision will be entered for the respondent.*

