Walter G. Pauley v. Commissioner. Walter G. Pauley and Juanita Pauley v. Commissioner.
Pauley v. Commissioner
Docket Nos. 41464, 47650.
United States Tax Court
T.C. Memo 1954-192; 1954 Tax Ct. Memo LEXIS 53; 13 T.C.M. (CCH) 1033; T.C.M. (RIA) 54298; November 16, 1954, Filed *53 1. In 1948, 1949, and 1950, petitioner was employed by an architectural firm for the sole purpose of supervising the construction of 3 building projects in various localities in the United States. The time which petitioner spent at each such project was 3 month, one year, and 18 months, respectively. On his returns for such years, he deducted the cost of food, housing, other incidentals, and other expenses incurred by him while living in the 3 localities. He maintained a residence in Chicago where his wife remained during the years in question. On his return for 1950, he deducted the cost of a trip to Mexico City, on which his wife accompanied him, and the cost of trips to Florida. Held, the traveling and "away from home" expenses claimed by petitioner, including the cost of trips to Mexico City and Florida, were nondeductible personal expenditures within the meaning of section 24(a)(1) of the Internal Revenue Code of 1939. 2. Petitioner's gross income in 1949 and 1950 met the requirements of section 58(a) of such Code requiring the filing of declarations of estimated tax; none were filed. Held, petitioner did not have reasonable cause for failure to file declarations of estimated *54 tax in 1949 and 1950; and the penalties asserted by respondent for such failure together with penalties for substantial underestimate of tax are upheld for both years. Abel J. De Haan, Esq., 1 North LaSalle Street, Chicago, Ill., for the petitioners. Robert R. Veach, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion These consolidated proceedings involve deficiencies in income tax determined against Walter G. Pauley (hereinafter referred to as petitioner) for the year 1948, and against him and *55 his wife, Juanita Pauley, for the years 1949 and 1950, as follows: Amount of
Dkt. No.
Year
Deficiency
41464
1948
$ 369.40
47650
1949
808.70
1950
5,615.82
In his answer, the respondent asserted penalties for failure to file a declaration of estimated tax and for substantial underestimate of tax, as follows: Penalties
Sec.
Sec.
Dkt. No.
Year
294(d)(1)(A)
294(d)(2)
47650
1949
$ 31.72
$ 19.03
1950
1,158.31
696.10
The issues to be decided are: (1) whether petitioner is entitled to deduct "away from home" expenses in the amount of $2,474.30 for the year 1948, and similar expenses in the amount of $3,673.01 for 1949, and $2,984.88 for 1950, and also traveling expenses in the amount of $3,429.60 for 1950; and (2) whether petitioner is subject to penalties for failure to file a declaration of estimated tax in 1949 and 1950, and for substantial underestimate of tax in both years. The petitioners conceded at the hearing that $713 of the expenses claimed in 1949 is not deductible. Some of the facts were stipulated. Findings of Fact The stipulated facts are so found and are incorporated herein by this *56 reference. Petitioner and Juanita Pauley were husband and wife during the years in question and maintained a residence at 4829 West End Avenue, Chicago, Illinois. Their returns for all years here in question were filed with the collector of internal revenue for the first district of Illinois. Petitioner is a civil engineer; and, during the years in question, was employed by the architectural firm of Carr and Wright, Inc., of Chicago, to supervise the construction of various buildings in different localities in the United States. He was employed for such projects only, and had no connection with the firm's Chicago office. For sometime prior to July 1, 1947, petitioner had been working for Carr and Wright in Louisville, Kentucky. On that date, he was sent to Cincinnati, Ohio, where he remained until July 15, 1948. From July 16, 1948, until October 22, 1948, he supervised the construction of a project in Joliet, Illinois. His employment with Carr and Wright terminated at that time. He was rehired on November 15, 1948, to supervise a construction project in Evansville, Indiana. His employment there continued until May 15, 1950, at which time it again terminated. The Hoffman Construction *57 Company, Inc., of Evansville, Indiana, was the general contractor for the Evansville project which petitioner supervised. In addition to his regular salary from Carr and Wright, the construction company paid petitioner $20,102 on May 1, 1950, and $20,587 on August 25, 1950, for services rendered to it by petitioner. Petitioner, during all the years here in question, kept a daily tabulation of the costs of meals, laundry, tips, entertainment expenses, lodging, and other similar expenditures. Carr and Wright required petitioner to do no entertaining. They customarily paid moving expenses of an employee from one locality to another, and also paid an employee's living expenses for short assignments of 2 or 3 weeks. The firm customarily reimbursed employees for the first 2 or 3 weeks' living expenses after moving them to a new locality. On his returns for the years in question, petitioner deducted the following amounts as "traveling" and "away from home" expenses for which he was not reimbursed: Year
Amount
1948
$2,474.30
1949
3,673.01
1950 (traveling expenses)
3,429.60
(away from home expenses)
2,984.88 In his deficiency notice, the respondent disallowed the *58 deduction of such amounts and asserted the deficiencies here is issue. Traveling expenses in the amount of $3,036.80 claimed by petitioner in 1950 represent the alleged cost of a one-month trip to Mexico City, and include the cost of lodging and meals for his wife who accompanied him. Petitioner also claimed the sum of $392.80 representing the cost of alleged business trips to Florida during that year. In 1949 petitioner received wages of $8,126 on which income tax in the amount of $947.60 was withheld, and also received other income, not subject to withholding, of $600. He and his wife filed a joint return for such year and claimed, in addition to themselves, an exemption for their son. They reported total tax payments, by withholding, of $947.60 and claimed a refund of $491.48. In 1950 petitioner received gross income of $48,223.63. The total amount of tax withheld was $580.39. In a schedule attached to the return, petitioner claimed that the amount received by him from the Hoffman Construction Company had been earned over a 36-month period, and claimed the special tax benefits, provided in section 107(a) of the Internal Revenue Code of 1939 for reporting such sum. He knew, *59 however, that such amount had not been earned over a 36-month period and did not raise this issue in his petitions. Petitioner and his wife reported a total tax liability of $6,566.30 on their joint return for 1950. Their return was received by the collector, together with payment of the tax, on January 15, 1951. Petitioners filed no declaration of estimated tax for either 1949 or 1950. The traveling and "away from home" expenses herein issue, claimed by petitioner on his returns for 1948, 1949, and 1950, were nondeductible personal and living expenses within the meaning of section 24(a)(1) of the Internal Revenue Code of 1939. Petitioners, without reasonable cause, failed to file declarations of estimated tax in 1949 and 1950, and underestimated their tax liability by more than 20 per cent for such years. Opinion RICE, Judge: The petitioner argues that the traveling and "away from home" expenses deducted on his returns for the years here in question are bona fide deductions under section 23(a)(1)(A) of the Internal Revenue Code of 1939. The respondent determined and we have found as a fact that all such deductions here in issue are nondeductible personal and living expenses, *60 within the meaning of section 24(a)(1) of such Code. The Supreme Court, in Commissioner v. Flowers, 326 U.S. 465, 470 (1946), rehearing denied 326 U.S. 812 (1946), said that three conditions must be satisfied before traveling expenses qualify as a deduction under section 23(a)(1)(A) of such Code: "(1) The expense must be a reasonable and necessary traveling expense, as that term is generally understood. This includes such items as transportation fares and food and lodging expenses incurred while traveling. "(2) The expense must be incurred 'while away from home.' "(3) The expense must be incurred in pursuit of business. This means that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. Moreover, such an expenditure must be necessary or appropriate to the development and pursuit of the business or trade." No issue has been raised here as to whether or not the items of expenses which petitioner claimed are reasonable and necessary. We assume that they are. It is apparent, however, that the expenditures made do not meet the second and third requirements enumerated *61 by the Supreme Court. The facts presented to us here are not materially different from those before us in Arnold P. Bark, 6 T.C. 851 (1946). In that case as in any number of others, we have repeatedly said that "home", for purposes of determining whether traveling expenses were incurred away from it, means the locale of a taxpayer's principal business activity; or if he is an employee, as here, his post of duty. Michael J. Carroll, 20 T.C. 382 (1953); Beatrice H. Albert, 13 T.C. 129 (1949); Henry C. Warren, 13 T.C. 205 (1949). Petitioner was hired by the architectural firm of Carr and Wright for no other purpose than to supervise construction projects in various localities in the United States. He was not connected with the Chicago office; and the length of time for which he was employed was sufficiently long to constitute it one of indeterminate duration. Arnold P. Bark, su ra. It is equally clear that the expenses which petitioner deducted had no direct connection with the business of his employer, and were not "necessary or appropriate to the development and pursuit of [his] business or trade." This is particularly true *62 of the claimed deduction for traveling expenses in the amount of $3,429.60 in 1950, which represented the alleged cost of a one-month trip to Mexico City and trips to Florida. In attempting to substantiate the fact that the trip to Mexico City was for business purposes, petitioner claimed that it was necessary for him to discuss engineering problems in connection with the project in Evansville, Indiana, with engineers and architects who had built a similar project in Mexico City. It may be that those discussions, which we assume took place, were helpful to petitioner; but the record is totally barren of any evidence which would indicate that the trip was required or necessitated because of his employment or was proximately related to any income which he earned in 1950. A part of the expenses incurred on the trip, petitioner admitted to be for food and lodging for his wife. As for the trips to Florida, there is some evidence as to when one such trip was made; but, again, the record contains no evidence of specific expenditures, nor, more important, is there any showing of their necessary relationship to work which petitioner performed and from which he earned income in 1950. *63 It is apparent from our findings that the amount and nature of income received by petitioner in 1949 and 1950, and the number of exemptions to which he was entitled, required that he file declarations of estimated tax as prescribed in section 58(a) of such Code. We do not understand, in fact, that he denies that such declarations should have been filed; his argument, on brief, is directed to whether or not there was reasonable cause for not filing them. Petitioner claimed that the deductions which the respondent disallowed, and which disallowances we upheld for 1949, were similar to deductions which he had claimed and which had been allowed in previous years; that he had, in fact, always received a refund of a part of the total tax withheld from his wages for such previous years; and, hence, he did not believe it was necessary for him to file a declaration of estimated tax in 1949. The excuse which petitioner offered with respect to his failure to file declarations in 1949 does not constitute reasonable cause. Rene R. Bouche, 18 T.C. 144 (1952), on appeal C.A. 2, July 24, 1952. A similar argument was offered with respect to 1950 which, of course, is meaningless in *64 view of the fact that he received some $40,000 from the Hoffman Construction Company in that year, in addition to wages and other income. Petitioner deliberately reported such income as having been earned over a 36-month period, when he knew that was not the case, and claimed the special tax benefits provided in section 107(a) of such Code. Petitioner further argues, with respect to his failure to file declarations of estimated tax for 1950, that his return was filed and the tax shown thereon to be due was paid on January 15, 1951. He thus attempts to invoke section 58(d)(3) of such Code which provides that under certain circumstances a return filed on or before January 15 following the taxable year may qualify as an amended declaration for such year. The Commissioner's Regulations, issued pursuant to this section, [1] provide that a final return, filed on or before January 15, may be considered as an amended declaration if the taxpayer first became subject to filing a declaration of estimated tax after September 1 of the preceding taxable year. Petitioner here received $20,102 from the Hoffman Construction Company on May 1, 1950, and $20,587 on August 25, 1950. He became subject *65 to the filing of a declaration of estimated tax long before the last quarter of the taxable year; hence, the provisions of section 58(d)(3) are not applicable to him. The respondent correctly asserted the penalties as provided in section 294(d)(1)(A) for failure to file a declaration of estimated tax in both 1949 and 1950. *66 The penalty provisions of section 294(d)(2) for substantial underestimate of tax are mandatory. Where no declaration is filed, the estimate is considered to be zero. G. E. Fuller, 20 T.C. 308 (1953), affd. 213 Fed. (2d) 102 (C.A. 10, 1954). The respondent, therefore, correctly asserted the penalties as provided. Decisions will be entered for the respondent. Footnotes
1. Regulations 111. Sec. 29.58-7. Time and Place for Filing Declarations - Years Beginning After December 31, 1943. * * *
(g) Return as a declaration of estimated tax or amendment thereof. - If the taxpayer files his return for the calendar year on or before January 15 of the succeeding calendar year (or if the taxpayer is on a fiscal year basis, on or before the 15th day of the first month immediately succeeding the close of such fiscal year) and pays in full the amount of tax shown by such return as payable, then - (1) such return shall be considered also as a declaration for such taxable year if, in such case, the taxpayer first met the requirements of section 58(a) (relating to the requirements with respect to filing of declarations) after September 1 of the taxable year (or the 1st day of the ninth month of the taxable year if the taxpayer is on a fiscal year basis); and (2) if the tax shown on such return differs from the estimated tax shown in the previously filed declaration, such return shall be considered as an amended declaration the filing of which prior to January 15 of the succeeding taxable year is permitted by section 58(d)(2)↩