Clarence Jaeger and Hazel Jaeger v. Commissioner.
Jaeger v. Commissioner
Docket No. 51342.
United States Tax Court
T.C. Memo 1955-285; 1955 Tax Ct. Memo LEXIS 51; 14 T.C.M. (CCH) 1104; T.C.M. (RIA) 55285; October 26, 1955
*51 Held, petitioners' failure to file a declaration of estimated tax for the year 1950 was the result of willful neglect and was not due to reasonable cause. Garnet W. Taylor, Esq., Paul Brown Building, St. Louis, Mo., for the petitioners. Richard C. McLaughlin, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: The respondent determined a deficiency of $9.54 in the income tax of petitioners for the taxable year 1950 which petitioners do not contest. He further determined that petitioners were liable for an addition to tax in the amount of $277.50 for failure to file a declaration of estimated tax for 1950. The only question is whether petitioners are liable for the addition to tax. Findings of Fact Petitioners are husband and wife residing in St. Louis, Missouri. They filed their joint Federal income tax return for the year 1950 with the collector of internal revenue for the first district of Missouri. During the year 1950 Clarence Jaeger (hereinafter referred to as petitioner) was service director, vice president, and a stock-holder of the Trevellyan Buick Company. His wife, Hazel Jaeger, was also a stock-holder in that *52 company. The Trevellyan Buick Company declared and paid dividends to petitioners totalling $12,000 of which $3,000 was declared and paid in January 1950 and $9,000 in December 1950. Petitioners reported income from the following sources and in the following amounts on their 1950 income tax return: Source
Amount
Salary
$10,110.00
Rents
1,475.00
Dividends
12,503.00
Interest
274.94 Petitioners did not claim any dependency credits on their 1950 return but did claim two exemptions for themselves. Petitioners failed to file a declaration of estimated tax for the year 1950 on or before March 15, 1950 and thereafter failed to file any original or amended declaration prior to January 15, 1951, at which time they filed their 1950 income tax return. In January 1950 petitioner went to the office of the collector of internal revenue in St. Louis seeking aid in the preparation of his 1949 Federal income tax return. While there petitioner informed the person who was assisting him of the expected receipt of a large dividend and specifically asked his advice as to the filing of a declaration of estimated tax for 1950. Petitioner was advised that it was not necessary to *53 file a declaration for 1950 if he filed his tax return for that year by January 15, 1951. Petitioner was similarly advised by Philip H. Mayer, secretary-treasurer of the Trevellyan Buick Company in January 1950. Mayer's advice was based solely upon the instructions issued by the Bureau of Internal Revenue for filing declarations of estimated tax for the year 1950. Mayer was aware at the time he advised the petitioner that petitioner had received a $3,000 dividend in January 1950. Mayer is an accountant but is not a certified public accountant. His duties as an officer of the Trevellyan Buick Company consisted of the supervision of collections and accounting methods and procedures. He was not otherwise engaged in the practice of accounting, had no clients of his own, and did not regularly advise individuals in problems of Federal income taxation. Prior to March 15, 1950 petitioner examined the instructions issued by the Bureau of Internal Revenue for filing a declaration for the year 1950, pertinent portions of which are as follows: "2. WHO MUST MAKE A DECLARATION. - A declaration must be made by every citizen or resident of the United States who expects to receive in 1950: EITHER
*54 "(a) Wages subject to withholding in excess of $4,500 plus $600 for each exemption - for example, $5,100 in case of a single person with no dependents; $6,300 in case of a married couple with one dependent; OR "(b) Income from all other sources in excess of $100, provided his total income is expected to amount to $600 or more. "Thus, if your 1950 wages subject to withholding are expected to exceed the amounts specified in paragraph (a), you are required to file a declaration. If you expect to receive in 1950 any wages not subject to withholding - for example, pay for agricultural labor or domestic service - or any income from dividends, interest, rents, or gains from property transactions or from a business or profession, you must file a declaration if your 1950 income is expected to exceed the amounts specified in paragraph (b). "In determining whether you must file a declaration, you should exclude from your income any items which are wholly exempt from tax, such as mustering out pay, Government contributions to monthly family allowances, social security benefits, and benefits under the Railroad Retirement Act. * * *
"3. WHEN AND WHERE TO FILE DECLARATION. - Your declaration *55 must be filed on or before March 15, 1950, or on such later dates as specified in Instruction 6. "It should be delivered, or mailed, to the Collector of Internal Revenue for the district in which you expect to file your 1950 income tax return. * * *
"6. CHANGES IN INCOME OR EXEMPTIONS. - Even though your situation on March 15 is such that you are not required to file a declaration at that time, your expected income or exemptions may change so that you will be required to file a declaration later. In such case the time for filing is as follows: June 15, if the change occurs after March 1 and before June 2; September 15, if the change occurs after June 1 and before September 2; January 15, 1951, if the change occurs after September 1. The estimated tax may be paid in equal installments on the remaining payment dates. "If, after you have filed a declaration, you find that your estimated tax is substantially increased or decreased as a result of a change in your income or exemptions, you should file an amended declaration on or before the next filing date - June 15, 1950, September 15, 1950, or January 15, 1951. "An amended declaration should be marked "Amended" and must be *56 filed with the Collector of Internal Revenue with whom the original declaration was filed. * * *
"8. RETURN IN PLACE OF DECLARATION. - If, on or before January 15, 1951, you file your 1950 income tax return and pay in full the balance of tax due, you need not file a declaration or amended declaration which would otherwise be due on that date." * * *
Petitioners' failure to file a declaration of estimated tax for the year 1950 was the result of willful neglect and was not due to reasonable cause. Opinion The sole question with which we are presented is whether petitioners are liable for an addition to tax for failure to file a declaration of estimated tax for the year 1950. Section 294(d)(1)(A), Internal Revenue Code of 1939, provides for the imposition of an addition to tax for failure to file a declaration of estimated tax "unless such failure * * * is due to reasonable cause and not to willful neglect." It has long been recognized that reliance in good faith upon the advice of qualified counsel who is acquainted with all of the facts is reasonable cause for failure to file an estimate. Rene R. Bouche, 18 T.C. 144. In our view petitioners have failed *57 to establish that any of the persons consulted were qualified to advise them in tax matters. The duties of Philip Mayer as secretary-treasurer of the Trevellyan Buick Company consisted of the supervision of collections and accounting methods and procedures. Mayer was not a certified public accountant. He was not engaged in the practice of accounting, had no clients of his own, and did not regularly advise individuals on the problems of Federal income taxation. Except for a vague illusion in his testimony as to "tax work" concerning his employer, there is no showing that Mayer was in anywise familiar with the peculiarities of the Federal income tax law. Cf. Rene R. Bouche, supra; Mayflower Investment Co., 24 T.C. - (filed July 21, 1955). Likewise there has been no showing that the Bureau employee was properly authorized or qualified to render the advice sought. Assuming, however, that he had the requisite qualifications, petitioner has failed to prove that the Bureau employee consulted was supplied with sufficient information to give the advice sought. Petitioner informed the employee of the expected receipt of a large dividend. There is nothing in the record to indicate *58 that the employee was apprised of the date upon which petitioner expected the dividend. The advice would have been correct if petitioner told the employee that the dividend was expected late in the year and the employee thought petitioner meant after September 1. (See paragraph 6 of the Bureau instructions set out in our findings). The language of Lawrence Block Co., 12 T.C. 366, 369, is equally applicable to the instant proceeding: "* * * The record does not show that in his inquiry at the office of the collector in March 1941 Hancock gave such information to the person from whom the inquiry was made as would enable that person properly to advise him with respect to the necessity for filing excess profits tax returns, or that such person was there for the purpose of advising taxpayers or had such knowledge of petitioner's business as would enable him to give reliable advice. So far as the record shows, he may have talked to a file clerk or some subordinate employee of the collector's office whose duties were in no way connected with advising taxpayers. He did not get the name of the person with whom he talked and did not discuss with Block the result of the interview. *59 * * *" We are not impressed with petitioners' claim that their misunderstanding of Paragraph 8 of the instructions set out in our findings relieved them of the obligation to file. Jaeger read the instructions on Form 1040-ES for 1950 which clearly required him to file such form. Accordingly the addition to tax imposed by respondent is sustained. Decision will be entered for the respondent.