Charles L. Lutz v. Commissioner.
Lutz v. Commissioner
Docket No. 59863.
United States Tax Court
T.C. Memo 1957-66; 1957 Tax Ct. Memo LEXIS 185; 16 T.C.M. (CCH) 287; T.C.M. (RIA) 57066; April 26, 1957
Joshua W. Miles, Esq., First National Bank Building, Baltimore, Md., for the petitioner. Thomas E. Tyre, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion KERN, Judge: Respondent determined deficiencies in additions to the tax in a total amount of $5,467.42 in connection with the determination of petitioner's income tax liability for the taxable years ended December 31, 1951, and December 31, 1952. These deficiencies in additions to tax included an addition to tax for *186 failure to file declaration of estimated tax within the time prescribed under section 294(d)(1)(A) [1] of the Internal Revenue Code of 1939 in the sum of $2,407.17, an addition to tax for substantial underestimate of declaration of estimated tax under section 294(d)(2)[2]2 in the amount of $920.05, and addition to tax for failure to pay installments of estimated tax declared under section 294(d)(1)(B)[3] (related to installments of estimated tax due in 1952) in the amount of $2,140.20. Petitioner alleges in his petition that his failure to file a declaration of estimated tax for the year 1951 within the prescribed time, his underestimate of the declaration of estimated tax for the year 1951, and his failure to pay the installments of estimated tax for the year 1952 were all due to reasonable cause and not to willful neglect. *187 [Findings of Fact] All of the facts have been stipulated by the parties. We find them to be as stipulated, and incorporate herein by this reference the stipulation, together with the exhibits attached thereto. Petitioner lives and has his principal place of business at Bel Air, Harford County, Maryland. He filed his Federal income tax returns and declarations of estimated tax for the years and periods here involved with the collector of internal revenue at Baltimore, Maryland. On March 8, 1951, petitioner's accountant forwarded to him his Federal income tax return for the year 1950 and his estimated tax return for the year 1951, and advised him that these returns were to be filed with the collector of internal revenue at Baltimore by March 15, 1951. He also advised petitioner that the sum of $2,853.02 was due on his estimated return for the year 1951. This was one-fourth of the unpaid balance of estimated tax ($11,412.09) shown on the declaration of estimated tax. This latter amount was the exact amount of the income tax shown to be due on the final income tax return petitioner filed for the calendar year 1950. Petitioner did not sign this declaration of estimated tax until *188 January 14, 1952, on which date he mailed the declaration of estimated tax to the collector of internal revenue. No payment accompanied the declaration but, in the letter enclosing the declaration to the collector of internal revenue, petitioner said: "Inasmuch as there is a $5,000.00 installment due on January 15th on back taxes, it will be appreciated if you will give us until March 15th to work out the 1951 taxes." This declaration of estimated tax for the year 1951 was filed in the office of the collector on January 15, 1952. On March 13, 1952, petitioner signed and filed with the collector of internal revenue a declaration of estimated tax for the year 1952, showing an unpaid balance of estimated tax in the amount of $26,746.29, which was the exact amount of the income tax shown to be due on the final income tax return of petitioner filed for the year 1951. No part of the estimated tax shown on petitioner's declaration of estimated tax for the year 1952 was paid until March 16, 1953, when it was paid in full. Petitioner was examined with respect to his income tax returns for the years 1945, 1946, 1947, and 1948 and, as a result of this examination, additional taxes and penalties *189 amounting to $30,053.70 were determined against petitioner on March 1, 1951. During 1951 and 1952 petitioner paid this amount of $30,053.70, together with interest thereon. Petitioner, during the years here involved, was engaged in the electrical appliance business. His balance sheets, as of December 31, 1950, December 31, 1951, and December 31, 1952, show the following: December
December
December
31, 1950
31, 1951
31, 1952
Current Assets: Cash
$ 18,230.33
$ 7,409.99
$ 5,113.33
Accounts receivable - Customers
13,467.31
15,858.21
35,716.20
Accounts receivable - Warranties
725.28
712.91
389.34
Contracts in transit
1,377.00
4,512.00
7,243.00
Retained amounts on contracts - G.M.A.C.
6,045.42
1,472.40
4,102.37
Inventories
78,583.62
100,938.90
138,465.13
Deposits on purchases
470.52
100.00
200.00
Accrued rent receivable
285.00
Accounts receivable - Other
1,054.60
375.00
Notes receivable
1,750.00
Houses under construction
38,897.22
Houses constructed but not sold
32,317.07
Total current assets
$119,184.48
$170,956.23
$225,671.44
Investment in K. and L. Corporation
$ 10,500.00
Fixed assets
107,005.83
$112,295.62
$118,117.41
Deferred charges
1,698.19
7,387.05
6,962.86
Total assets
$238,388.50
$290,638.90
$350,751.71
Current Liabilities: Accounts payable - Trade
$ 68,533.05
$ 71,761.98
$140,440.93
Customers' deposits and credit balances
838.17
2,307.45
3,672.61
Withholding tax payable
1,306.04
2,619.09
73.40
Accrued payroll taxes
333.25
457.19
505.84
Accrued Maryland sales and Federal excise tax
849.14
1,067.32
1,757.73
Accrued salaries
224.09
1,499.55
448.56
Accrued interest payable and insurance
607.31
1,029.78
204.42
Accrued income taxes (years prior to 1951)
37,037.65
6,672.69
Notes payable - Bank
5,350.00
4,000.00
Accounts payable - Miscellaneous
946.21
1,019.00
Notes payable - Other (due within one year)
2,100.39
2,015.83
Deposits on sale of houses
8,543.16
1,000.00
Income tax payable for 1951
5,160.00
Deferred rental income
250.00
Total current liabilities
$109,728.70
$104,354.81
$160,548.32
Fixed Liabilities: Mortgage payable
$ 26,500.00
$ 41,500.00
$ 41,500.00
Notes payable - Other
2,496.55
2,496.55
$ 26,500.00
$ 43,996.55
$ 43,996.55
Charles L. Lutz, capital
$102,159.80
$142,287.54
$146,206.84
Total liabilities and capital
$238,388.50
$290,638.90
$350,751.71
*190 Petitioner's reasons for failure to file a timely declaration of estimated tax for the calendar year 1951 and to pay the estimated tax for the calendar years 1951 and 1952 when due were "that he owed additional taxes, penalties, and interest for the years 1945, 1946, 1947, and 1948 and in such amounts that his business would not permit of him paying his back taxes and estimated taxes at the same time, and that he endeavored to take care of his liability with respect to the oldest years and then take care of his estimated taxes as his business would permit, that he simply could not satisfy all of his tax liability and stay in business, and that he felt it was in the interest of the Government as well as himself that he continue in business." [Opinion] Petitioner is liable for the payment of additions to tax imposed under section 294(d)(1)(A) for failure to file a declaration of estimated tax within the time prescribed and under section 294(d)(1)(B) for failure to pay installments of the estimated tax within the time prescribed, unless the failures are "shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect." Petitioner contends *191 that there was reasonable cause for these failures in that they were caused by his endeavor to satisfy older tax obligations and the impossibility of satisfying all of his tax obligations, including estimated taxes for 1951 and 1952, without a substantial liquidation of the assets of his business, which would have been an action "adverse to the interests of both the Government and the taxpayer." In substance petitioner contends that a lack of cash or current assets sufficient to pay estimated taxes without a serious liquidation of the assets used by him in his business constitutes a reasonable cause for his failure to file a declaration of estimated tax within the time prescribed by statute and also a reasonable cause for his failure to pay within the prescribed time installments of his estimated tax declared. We fail to see any causal connection between a lack of cash or current assets and a failure to file a declaration of estimated tax within the time prescribed by statute. In 1952 petitioner contends that he was without the necessary cash or current assets to pay the estimated tax yet he filed a timely declaration of estimated tax for that year, even though no payments were made *192 thereon until 1953. Accordingly, we hold that petitioner's failure to file a declaration of estimated tax for the year 1951 within the time prescribed by statute was not due to reasonable cause. Turning to the question of whether petitioner's failure to pay installments of the estimated tax for 1952 within the time prescribed by statute, we will assume arguendo that under certain circumstances a lack of sufficient cash or current assets to pay such installments may constitute a reasonable cause for failure to make such payments. However, it is certainly obligatory upon the taxpayer, even upon this doubtful assumption, cf. Rene R. Bouche, 18 T.C. 144, 148, and Sidney V. LeVine, 24 T.C. 147, 157, to show that such a lack of cash or current assets was itself due to a reasonable cause and not due to his own negligence, stupidity, or deliberate design. In the instant case we know that petitioner owed large amounts of unpaid taxes for the years 1945 to 1948, inclusive; that, accordingly, he must have had considerable income during those years; and that he had a growing and profitable business during the years 1950, 1951, and 1952 which involved large investments *193 on his part. No explanation is given for his failure to pay in full his taxes due for the earlier years. It is possible that he deliberately chose to reinvest a large part of his income for those years in his business rather than to pay his taxes in full. It is also possible that his failure to pay those taxes was due to his negligence. In any event, we cannot say from the record before us that his lack of cash or current assets during the taxable years was due to a reasonable cause and not due to his own negligence or design, and, therefore, we are unable to conclude that such a lack of cash or current assets was reasonable cause for his failure to pay the installments of the estimated tax declared for 1952 within the time prescribed by law. See Rene R. Bouche, supra. With regard to the additional tax imposed for the substantial underestimate of tax for 1951, it is obvious that respondent's determination is correct since there was not "a timely payment of estimated tax within or before each quarter * * * of such year * * * in an amount at least as great as though computed * * * on the basis of the facts shown on his return for the preceding taxable year." It appears *194 that no payments on account of income taxes for 1951 were made by petitioner until 1952. Decision will be entered for the respondent. Footnotes
1. SEC. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT. * * *
(d) Estimated Tax. - (1) Failure to File Declaration or Pay Installment of Estimated Tax. - (A) Failure to File Declaration. - In the case of a failure to make and file a declaration of estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 per centum of each installment due but unpaid, and in addition, with respect to each such installment due but unpaid, 1 per centum of the unpaid amount thereof for each month (except the first) or fraction thereof during which such amount remains unpaid. In no event shall the aggregate addition to the tax under this subparagraph with respect to any installment due but unpaid, exceed 10 per centum of the unpaid portion of such installment. For the purposes of this subparagraph the amount and due date of each installment shall be the same as if a declaration had been filed within the time prescribed showing an estimated tax equal to the correct tax reduced by the credits under sections 32 and 35. ↩
2. (2) Substantial Underestimate of Estimated Tax. - If 80 per centum of the tax (determined without regard to the credits under sections 32 and 35), in the case of individuals other than farmers exercising an election under section 60(a), or 66 2/3 per centum of such tax so determined in the case of such farmers, exceeds the estimated tax (increased by such credits), there shall be added to the tax an amount equal to such excess, or equal to 6 per centum of the amount by which such tax so determined exceeds the estimated tax so increased, whichever is the lesser. This paragraph shall not apply to the taxable year in which falls the death of the taxpayer, nor, under regulations prescribed by the Commissioner with the approval of the Secretary, shall it apply to the taxable year in which the taxpayer makes a timely payment of estimated tax within or before each quarter (excluding, in case the taxable year begins in 1943, any quarter beginning prior to July 1, 1943) of such year (or in the case of farmers exercising an election under section 60(a), within the last quarter) in an amount at least as great as though computed (under such regulations) on the basis of the taxpayer's status with respect to the personal exemption and credit for dependents on the date of the filing of the declaration for such taxable year (or in the case of any such farmer, or in case the fifteenth day of the third month of the taxable year occurs after July 1, on July 1 of the taxable year) but otherwise on the basis of the facts shown on his return for the preceding taxable year. * * * In the case of taxable years beginning prior to November 1, 1951, and ending after October 31, 1951, the additions to tax prescribed by this subsection shall not be applicable if the taxpayer failed to meet the requirements of this paragraph by reason of the increase in rates of tax on individuals imposed by the Revenue Act of 1951. ↩
3. (B) Failure to Pay Installments of Estimated Tax Declared. - Where a declaration of estimated tax has been made and filed within the time prescribed, or where a declaration of estimated tax has been made and filed after the time prescribed and the Commissioner has found that failure to make and file such declaration within the time prescribed was due to reasonable cause and not to willful neglect, in the case of a failure to pay an installment of the estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 per centum of the unpaid amount of such installment, and in addition 1 per centum of such unpaid amount for each month (except the first) or fraction thereof during which such amount remains unpaid. In no event shall the aggregate addition to the tax under this subparagraph with respect to any installment due but unpaid, exceed 10 per centum of the unpaid portion of such installment.↩