Union Telephone Company, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 99820.   Promulgated January 23, 1940.

*E. M. Woolf, Esq.,* for the respondent.

OPINION.

Arundell: The deficiency notice on which this proceeding is based sets forth deficiencies and an overassessment as follows:

|  | Income tax | Excess profits tax | Undistributed profits surtax |
|---|---|---|---|
| 1935 | Deficiency $1,660.84 | Deficiency $125.06 |  |
| 1936 | " 1,128.86 | " 842.84 | Overassessment $1,148.38. |
| 1937 | " 1,154.32 | " 690.85 |  |

Counsel for the respondent has moved to dismiss in so far as the petition pertains to his determination of normal (income) tax and undistributed profits tax for 1936. He asserts that both taxes, being imposed by Title I of the Revenue Act of 1936, should be considered as income taxes, and when this is done the result of his computation is to show an overassessment and not a deficiency. The pertinent figures in the computation are as follows for 1936:

Deficiency in normal tax (sec. 13) _____ $3,979.19
Undistributed profits tax (sec. 14) _____ _____

Total_____ 3,979.19
Assessed:
  Normal tax_____ $2,850.33
  Undistributed profits tax_____ 1,148.38   3,998.71

Overassessment _____ 19.52

The normal tax on corporations is imposed by section 13 of the Revenue Act of 1936. The surtax on undistributed profits is imposed by section 14. Both sections are part of "Title I—Income Tax." Section 272 (a), which is also a part of Title I, grants authority for sending notice of deficiency if "the Commissioner determines that there is a deficiency in respect of *the tax* imposed by this title * * *." (Italics added.)

From the structure of the statute it appears that the normal tax and the undistributed profits tax are to be considered as but parts of the income tax imposed by Title I in so far as the determination of deficiencies or overassessments is concerned. Under this view the respondent has determined an overassessment, and not a deficiency, in income tax for 1936. We have no jurisdiction of overassessments. *Cornelius Cotton Mills*, 4 B. T. A. 255. We are therefore of the opinion that the respondent's motion is well founded and should be granted.

This case is distinguishable from *Will County Title Co.*, 38 B. T. A. 1396. In that case the respondent determined a deficiency in corporate income tax of $529.25 and an overassessment of excess profits tax of $745.04. We dismissed as to the overassessment of excess profits tax, but held that redetermination of the income tax deficiency was within our jurisdiction. We said:

The fact that the Commissioner's determinations concerning the two taxes result in a net overassessment does not oust us of jurisdiction over the petition for redetermination of the income tax deficiency. The two taxes are imposed by entirely separate provisions of the statute. The combination of the two determinations in one mathematical calculation does not change the fact that there has been a determination of a deficiency in the income tax, and a proper petition for redetermination thereof is within our jurisdiction.

The income tax in the cited case was imposed by section 13 of Title I of the Revenue Act of 1934, and the excess profits tax was imposed by section 702 (a), which is a part of Title V. In the present case, as pointed out above, both taxes are imposed by provisions of a single title.

Neither the motion herein nor this opinion relates to taxes for years other than 1936, nor to the excess profits tax deficiency determined for 1936.

> *Order of dismissal will be entered in so far as the proceeding pertains to normal tax and undistributed profits tax for 1936.*