## SCHNEIDER v. UNITED STATES.
### No. 8562.

Circuit Court of Appeals, Sixth Circuit.
April 10, 1941.

Duncan, Leckie, McCreary, Schlitz & Hinslea and Tracy H. Duncan, all of Cleveland, Ohio, for appellant.

Frederic G. Rita, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and Frederic G. Rita, Sp. Assts. to Atty. Gen., and Emerich B. Freed and Francis B. Kavanagh, both of Cleveland, Ohio, on the brief), for appellee.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal from a judgment dismissing a petition for refund of income taxes for the year 1922. A deficiency of $35,078.99 for additional tax and $17,539.50 for penalty had been assessed against the taxpayer. On August 16, 1927, the taxpayer consented to the assessment and collection of the deficiency and executed a waiver of his right to file a petition with the Board of Tax Appeals under § 274(a) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 203. The full amount of the additional tax was paid on October 17, 1927, and interest in the sum of $9,482.-86 was paid thereon March 28, 1929. This suit for refund was later filed, and the Government moved to dismiss the petition, basing its motion upon the pleadings and an affidavit which disclosed the following facts in addition to those above set forth:

On March 22, 1929, the taxpayer submitted an offer of compromise to the Commissioner of Internal Revenue, tendering a voluntary payment of $1,000 and proposing that the taxpayer be released from the balance of $16,680.93 penalty unpaid. The offer was made "in order to close the case and to settle this matter which has been pending for a long time." At the same time the taxpayer stated that "as an inducement to the acceptance of such offer in compromise," he agreed "that all payments of income tax and interest for the taxable year 1922 heretofore made by him, may be treated as final and irrevocable, and that any right which he may have to claim a refund of such payments, or any portion thereof, or to bring any action or proceeding of any kind for the recovery thereof, be, and the same hereby is waived."

The general counsel of the Bureau of Internal Revenue on December 11, 1929, wrote to the taxpayer the following letter:

"The Commissioner of Internal Revenue has considered the proposition submitted by you on March 22, 1929, through the Collector of Internal Revenue at Cleveland, Ohio, as a compromise of your liability for a penalty of $17,539.50 assessed in connection with your income tax return for 1922, and has decided, with the advice and consent of the Secretary of the Treasury, to close the case by the acceptance of the following terms: $1,000.00 (together with the waiver of any and all refunds to which you may be entitled under the Internal Revenue laws, for any period fixed by law, expiring prior to the date of the acceptance of the offer in compromise, due through any overpayment of tax, penalty or interest on overpayments, or otherwise, to the extent that such overpayments do not exceed the difference between the amount of the offer in compromise and the liability discharged by the compromise, plus interest and penalties to date of acceptance and a waiver of any and all of your rights to any refund with respect to your income taxes

and interest heretofore paid for 1922) in compromise of the above liability."

The District Court considered that the compromise agreement bars the instant suit. The taxpayer contends that both the waiver of August 16, 1927, and the compromise agreement are null and void because they were not executed in accordance with the statutes. The applicable section, § 3229, R.S., Title 26 U.S.C. (1926 ed.), § 158, is printed in the margin.[1]

We think the dismissal of the petition must be affirmed. The taxpayer contends that the Commissioner had only the penalty before him and hence had no authority to enter into a compromise which would affect the right to refund of tax and interest already paid. But this contention is supported neither by the statutes nor by the negotiations between the parties. Under § 250(b) of the Revenue Act of 1921, 42 Stat. 227, 264, c. 136, which governs the taxpayer's liability for the tax deficiency and penalty assessed, the penalty was added "as part of the tax." This provision means that a penalty assessed becomes a part of the deficiency determined. Ely & Walker Dry Goods Co. v. United States, 8 Cir., 34 F.2d 429. This conclusion is not affected by the Revenue Act of 1926, which prescribed that the penalty shall be assessed in addition to the tax, for that act provides, § 283(a), 26 U.S.C.A. Int.Rev.Acts, page 216, that taxes due under prior acts shall "be computed as if this Act had not been enacted." Hence the penalty assessed became a part of the taxes due, and constituted, together with the taxes, a single liability (Ely & Walker Dry Goods Co. v. United States, supra), and the compromise of the penalty worked a compromise of the tax. Nelson-Wiggen Piano Co. v. United States, 7 Cir., 84 F.2d 47.

Also the taxpayer himself proposed that all payments of income tax and interest for the year 1922 be treated as final, and thus submitted those items to the Commissioner as a part of the case for the purpose of determining whether an abatement of the balance of the penalty should be granted.

It is true that the waiver was not approved by the Secretary or Undersecretary of the Treasury, and hence this transaction does not constitute a closing agreement under § 606 of the Revenue Act of 1928, 26 U.S.C.A. Int.Rev.Acts, page 458. However, the compromise was embodied in a contract made with the advice and consent of the Secretary of the Treasury, and was valid and effectual under § 3229, R.S., Title 26 U.S.C. (1926 ed.), § 158.

As a part of the consideration for the compromise the taxpayer agreed that all payments of income tax and interest for the year 1922 should be treated as "irrevocable" and that any right to refund of such amounts should be waived. The acceptance by the Commissioner was conditioned upon the surrender of the taxpayer's right to seek a refund, and this bars the taxpayer from bringing this action. Hennessy v. Bacon, 137 U.S. 78, 11 S.Ct. 17, 34 L.Ed. 605; Ely & Walker Dry Goods Co. v. United States, supra; Hord v. United States, Ct.Cl., 59 F.2d 125, 128.

Since the action is barred, we do not consider the merits of the claim.

The judgment is affirmed.

---

[1] § 158. "The Commissioner of Internal Revenue, with the advice and consent of the Secretary of the Treasury, may compromise any civil or criminal case arising under the internal-revenue laws instead of commencing suit thereon; and, with the advice and consent of the said Secretary and the recommendation of the Attorney General, he may compromise any such case after a suit thereon has been commenced. Whenever a compromise is made in any case there shall be placed on file in the office of the commissioner the opinion of the Solicitor of Internal Revenue, or of the officer acting as such, with his reasons therefor, with a statement of the amount of tax assessed, the amount of additional tax or penalty imposed by law in consequence of the neglect or delinquency of the person against whom the tax is assessed, and the amount actually paid in accordance with the terms of the compromise."