E. C. Newsom and Beatrice D. Newsom, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 32810. Filed April 30, 1954.

*James P. Hill, Esq.*, and *William R. Frazier, Esq.*, for the petitioners.

*Stanley Schoenbaum, Esq.*, for the respondent.

226

OPPER, *Judge:* Respondent determined a "deficiency of penalty" of $1,627.92 for the year 1948 against petitioners for substantial understatement of estimated income tax under section 294 (d) (2) of the Internal Revenue Code. There was no other "deficiency" determined in the statutory notice. Petitioners moved to dismiss their own petition on the ground that the Tax Court has no jurisdiction to consider it. No evidence was introduced at the hearing.

The parties are in agreement that the single question for our decision is whether under the present circumstances the Tax Court has jurisdiction. Petitioners assign no error in the determination and agree that if jurisdiction exists, decision may be entered in respondent's favor.

The situation which is presented as being without precedent is that respondent has determined a deficiency in penalty under section 294 (d) (2) without determining any other type of deficiency. Petitioners insist that the addition to tax imposed by section 294 (d) (2) for substantial underestimate of estimated tax can under no circumstances by itself give rise to a deficiency as defined in section 271 and that since our jurisdiction depends upon the determination of a deficiency, section 272 (a) (1), Internal Revenue Code, that prerequisite is absent in the present situation. Section 272 (a) (1) reads in part as follows:

SEC. 272. PROCEDURE IN GENERAL.

(a) (1) PETITION TO BOARD OF TAX APPEALS.—If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect to the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed * * * the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. * * *[1]

While the question is not free from doubt and there appears to be no direct authority on the subject we have concluded that petitioners are in error and that jurisdiction does exist. There are a number of reasons for this disposition of the question.

In the first place, section 271 defines a deficiency[2] in terms of "the tax imposed by this chapter." Section 294 (d) (2) is included in "this chapter." It provides for the amount in question to "be added

---

[1] By section 504, Revenue Act of 1942, "All references in any statute * * * to the 'Board of Tax Appeals' * * * shall be considered to be made to The Tax Court of the United States. * * *"

[2] SEC. 271. DEFINITION OF DEFICIENCY.

(a) IN GENERAL.—As used in this chapter in respect of a tax imposed by this chapter, "deficiency" means the amount by which the tax imposed by this chapter exceeds the excess of—

(1) the sum of (A) the amount shown as the tax by the taxpayer upon his return * * * plus (B) the amounts previously assessed * * * as a deficiency, over—

(2) the amount of rebates * * *

to the tax"[3] and it can then be said to become a part of the tax. See *Ely & Walker Dry Goods Co.* v. *United States* (C. A. 8), 34 F. 2d 429, 430, certiorari denied 281 U. S. 755; *Schneider* v. *United States*, (C. A. 6) 119 F. 2d 215.

In the second place, the purpose of the provisions in the 1924 Act creating the Board of Tax Appeals was to furnish to the taxpayer a forum in which he could litigate liabilities connected with his taxes without being required to resort to the cumbersome and inequitable processes of paying the amount in question and suing for its recovery. H. Rept. No. 179, 68th Cong., 1st Sess. (1924), pp. 7, 8. That advantage would of course disappear with respect to the amount described in section 294 (d) (2) if petitioner's position were to be upheld.

In the third place, petitioner concedes that, were there the determination of a deficiency in tax of so little as a dollar, jurisdiction to determine the 294 (d) (2) addition would likewise automatically attach. But the two questions may present issues having nothing in common and it is difficult to see why Congress should have intended to confer jurisdiction in one case and withhold it in another.

Although the precise question was not raised, such authority as exists appears to indicate a similar answer. In *Cheney D. Washburn*, 7 B. T. A. 483, it was squarely held that an amount previously "assessed as a penalty" for delinquency in filing a return "is assessed, collected, and paid in the same manner as, and as a part of, the tax; and, therefore, when asserted, is assessed as a deficiency in tax." That case was decided in 1927. The revenue acts have been repeatedly revised and amended in the interval. Yet never so far as we know has there been any suggestion by the Congress that the *Washburn* case did not represent a correct interpretation of the law.[4]

Again in *Rene R. Bouche*, 18 T. C. 144, on appeal (C. A. 2), the coordinate question of a deficiency in penalty under section 294 (d) (1) for failure to file a declaration of estimated tax was considered and decided on the merits; and similarly in *H. R. Smith*, 20 T. C. 663, where the "penalty" involved was the same as the one now in dispute. It is of course true that these cases cannot be relied on as direct authority in the present controversy since the Tax Court's jurisdiction

---

[3] SEC. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT.

(d) ESTIMATED TAX.—

\*     \*     \*     \*     \*     \*     \*

(2) SUBSTANTIAL UNDERESTIMATE OF ESTIMATED TAX.—If 80 per centum of the tax \* \* \* exceeds the estimated tax \* \* \* there shall be added to the tax an amount equal to such excess, or equal to 6 per centum of the amount by which such tax so determined exceeds the estimated tax \* \* \* whichever is the lesser. \* \* \*

[4] The authority of the *Washburn* case was challenged in *United States* v. *Erie Forge Co.*, (C. A. 3) 191 F. 2d 627, certiorari denied 343 U. S. 930. But that case dealt with a different section from the one we are considering here and with different statutory language upon which the Court heavily relied. Moreover, the instant proceedings present a stronger basis for the exercise of jurisdiction than would the facts in the *Washburn* case.

was not discussed and was apparently not questioned by the parties. Cf. *Herbert Eck*, 16 T. C. 511, affirmed per curiam (C. A. 2) 202 F. 2d 750, certiorari denied 346 U. S. 822; *Middleton* v. *Commissioner*, (C. A. 5) 200 F. 2d 94, dealing with a different section. But we cannot avoid the observation that failure by the litigants to raise the question of jurisdiction cannot effectively confer it; and that it is the obligation of the Court on its own motion to consider the point whether or not the parties have placed it in issue. *Psaty & Fuhrman, Inc.* v. *Stimson*, 11 T. C. 638, appeal dismissed (C. A., D. C. Cir.) 182 F. 2d 985; *Coca-Cola Bottling Co.*, 22 B. T. A. 686; *Martha M. Hanify*, 21 B. T. A. 379; *Theodore Stanfield*, 8 B. T. A. 787.

Considering all the circumstances, we conclude that jurisdiction exists. Under the stipulation of the parties,

*Decision will be entered for the respondent.*

Reviewed by the Court.