*Decision will be entered under Rule 50.*

CHARLES E. MYERS, SR., AND LILLIAN MYERS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 64218. Filed April 9, 1957.

*N. A. Townsend, Jr., Esq.*, for the petitioners.
*Thomas E. Tyre, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The notice of deficiency covers the years from 1948 through 1952. The determination with respect to the years 1949 and 1950 is as follows:

| Year | Deficiency | Overassessment | Additions to the tax under— | |
|---|---|---|---|---|
| | | | Sec. 294 (d) (2) | Sec. 294 (d) (1) (A) |
| 1949 | | $389.24 | $198.11 | $297.18 |
| 1950 | | 2,950.06 | 278.97 | 418.46 |

The Commissioner has moved to dismiss the proceeding as to 1950 for lack of jurisdiction on the ground that actually an overassessment of $2,252.63 was determined for that year since the $2,950.06 overassessment shown exceeded the total additions of $697.43 to the tax under section 294 (d) by $2,252.63. The petitioners then moved to dismiss the proceeding for 1949 for lack of jurisdiction insofar as it relates to income tax for that year, since an overassessment in income tax of $389.24 was determined for that year. The additions to the tax under section 294 (d) for that year exceeded the overassessment shown by $106.05 and mathematically a net deficiency of $106.05 was determined for that year.

The Tax Court has no jurisdiction in the absence of the determination of a deficiency by the Commissioner. *Cornelius Cotton Mills*, 4 B. T. A. 255. The real question for each year is whether the additions to the tax under section 294 (d) are to be considered a part of the tax for the purpose of section 271 (a), which defines a deficiency, for present purposes, as the amount by which the tax imposed by chapter 1 exceeds the amount shown as the tax by the taxpayers upon their return. Here no rebate is involved, and the amount shown as an overassessment for each year is the difference between the tax imposed by subchapter B of chapter 1 and the amount shown as the tax by the taxpayers upon their return. Section 294,[1] a part of supplement M

---

[1] If the difference in language between sections 293 and 294 is of any significance, nevertheless here the latter section presenting the clear language is involved.

of chapter 1, is entitled "ADDITIONS TO THE TAX IN CASE OF NONPAYMENT," and the provisions of subsection (d) are that certain amounts "shall be added to the tax." Those additions are a part of the whole tax imposed by chapter 1 and must be considered along with the so-called overassessment of the subchapter B tax for that year to find out whether the Commissioner actually determined a deficiency for the year within the definition of section 271 or whether he determined an overassessment. *E. C. Newsom*, 22 T. C. 225, affirmed per curiam 219 F. 2d 444; *Union Telephone Co.*, 41 B. T. A. 152; *Ely & Walker Dry Goods Co.* v. *United States*, 34 F. 2d 429, certiorari denied 281 U. S. 755; *Schneider* v. *United States*, 119 F. 2d 215; *Herbert Eck*, 16 T. C. 511, affirmed per curiam 202 F. 2d 750, certiorari denied 346 U. S. 822.

"The tax imposed by this Chapter," chapter 1, is here the sum of that portion of the tax imposed by subchapter B and the additions thereto imposed under section 294 (d) of supplement M, both of which provisions are a part of chapter 1. The tax thus imposed under chapter 1 for the year 1949, in the opinion of the Commissioner, exceeds the tax shown as the tax by the taxpayers upon their return; a deficiency would result under the definition of section 271; the statutory notice sent by the Commissioner shows that he has determined a deficiency in the net amount of $106.05; and the Tax Court thus has jurisdiction over the entire income tax liability of the petitioners for that year.

A different situation exists with respect to 1950. The total tax imposed under chapter 1 for that year (that imposed under subchapter B plus that imposed under section 294 (d) ), in the opinion of the Commissioner, does not exceed, but is less than, the amount shown as the tax by the taxpayers upon their return; there is no deficiency in income tax within section 271; the Commissioner has not determined a deficiency but has determined an overassessment, and the Tax Court has no jurisdiction as to 1950.

The motion of the taxpayers has been denied and that of the Commissioner has been granted.