HAROLD C. MARBUT AND DOROTHY H. MARBUT, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55655. Filed June 24, 1957.

*D. Field Yow, Esq.,* for the petitioners.
*Robert B. Kollen, Esq.,* for the respondent.

ARUNDELL, *Judge:* Respondent determined deficiencies in additions to income tax for the taxable years ended December 31, 1950 and 1951, in amounts as follows:

| Year | Deficiencies in additions under | |
| | Sec. 294 (d) (1) (A) | Sec. 294 (d) (2) |
| --- | --- | --- |
| 1950 | $2,243.02 | $1,495.35 |
| 1951 | 2,391.52 | 1,594.35 |

Several issues are raised based on petitioners' contention that respondent's conduct over the years was such as to estop him from making the foregoing determination; that petitioners' failure to file declarations of estimated tax does not serve to permit the Commissioner to determine that petitioners underestimated their income; and, in any event, that the statute of limitations has run on the foregoing determinations of deficiencies.

Petitioners are husband and wife, residing in Augusta, Georgia. They filed joint income tax returns for the taxable years ended December 31, 1950 and 1951, with the then collector of internal revenue for the district of Georgia.

Petitioners' income tax returns for the years 1950 and 1951 disclosed tax liabilities of $24,922.46 and $26,653.56, respectively. Petitioners paid the liabilities shown on these returns on March 15, 1951, and March 17, 1952, respectively.

Petitioner Harold C. Marbut is, and was during the years 1950 and 1951, a general partner in the firm of Marbut Milling Co., Ltd., Augusta, Georgia, which firm engages in the business of manufacturing feed for livestock. Petitioner Dorothy H. Marbut had no separate income and did not participate in the preparation of the income tax returns of the petitioners for the years 1947 to 1951, inclusive, except to affix her signature to joint returns filed for the years 1948 to 1951, inclusive. With the exception of small amounts of dividends, petitioners' sole source of income for the years 1947 to 1951, inclusive, was petitioner Harold C. Marbut's distributive share of the earnings of Marbut Milling Co., Ltd.

Petitioners, either singly or jointly, filed declarations of estimated tax for the years 1943, 1944, 1945, and 1946. They did not file declarations of estimated tax for the years 1947 to 1951, inclusive.

Petitioners reasonably expected their gross income to exceed $600 during each of the years 1950 and 1951. For the years 1947, 1948, and 1949, it was $25,458.90, $18,946.76, and $30,969.51, respectively. Petitioners claimed 4 exemptions on their returns under section 25 (b) of the Internal Revenue Code of 1939.

Petitioners were aware of the requirements contained in the law for the filing of declarations of estimated income tax during the years 1950 and 1951.

With the exception of a mathematical error in the amount of $12.12 for the taxable year 1949, and other than the deficiencies set forth in the statutory notice of deficiency for the years here involved, namely, 1950 and 1951, no change has been made in the tax liability of petitioners as shown on their returns for the years 1947 to 1951, inclusive.

On January 7, 1954, the assistant regional commissioner in Atlanta wrote Leonard H. Boller of Boller & Yow in regard to petitioners' Federal income tax return for the year 1950, and enclosed a "Consent Fixing Period of Limitations Upon Assessment of Income and Profits Tax" on Form 872, in triplicate, and suggested that petitioners sign all 3 copies and return them promptly. The last sentence of his letter

stated: "Should the taxpayers elect not to execute the consent, it will be necessary to issue a final notice of deficiency."

Petitioners duly executed the consent referred to above and filed it with the respondent's office on or about January 15, 1954. The consent provided that in pursuance of the provisions of existing Internal Revenue laws petitioners and respondent hereby consent and agree as follows:

That the amount of any income, excess-profits, or war-profits taxes due under any return (or returns) made by or on behalf of the above-named taxpayer (or taxpayers) for the taxable year ended December 31, 1950, under existing acts, or under prior revenue acts, may be assessed at any time on or before June 30, 1955, except that, if a notice of a deficiency in tax is sent to said taxpayer (or taxpayers) by registered mail on or before said date, then the time for making any assessment as aforesaid shall be extended beyond the said date by the number of days during which the Commissioner is prohibited from making an assessment and for sixty days thereafter.

On September 24, 1954, respondent mailed petitioners a notice of his determination of the deficiencies in additions to income tax for the years 1950 and 1951 involved herein.

The principal reason petitioners did not file any declarations of estimated tax for the years 1950 and 1951 was because petitioners did not have the cash to make the required payments of estimated tax, due to the fact that the Marbut Milling Co., Ltd., was on the accrual basis and had been extending a considerable amount of credit. Prior to the year 1950 or thereabouts, petitioner Harold C. Marbut talked with a certified public accountant, Edwin H. Johnson, who was employed by the Marbut Milling Co., Ltd., in regard to the necessity of filing declarations of estimated tax returns. Johnson told petitioner that apparently it was the policy of respondent's office not to enforce the provision requiring such returns and that he did not think petitioner would be in any serious difficulty if he did not file such returns. At no time did Johnson ever advise petitioner that he need not file the declarations.

Petitioners had no reasonable cause for their failure to file declarations of estimated tax for the years 1950 and 1951, and such failure was due to willful neglect.

### OPINION.

Petitioners do not deny that under section 58 of the Internal Revenue Code of 1939, they were required to file a declaration of estimated tax for each of the taxable years 1950 and 1951 on or before March 15 of each year. They contend, however, that the respondent erred in determining the deficiencies in additions to the tax under section 294 (d) (1) (A) of the Internal Revenue Code of 1939 for failure to file

the declarations and under section 294 (d) (2) for substantially under-estimating the estimated tax.[1]

Petitioners admit that the principal reason for their failure to file the declarations was the fact that they did not have the ready cash with which to pay the installments and, as further excusing their conduct, they contend that it was the policy of the respondent's office not to enforce the provision requiring the filing of declarations of estimated tax. Petitioner Harold C. Marbut argues that the fact that the respondent made no additions to the tax for failure to file for the years 1947, 1948, and 1949 serves to confirm his impression of respondent's policy, and he was strengthened in his belief by what he was told by the accountant Johnson that he did not think petitioner would be in any serious difficulty if he failed to file the declarations.

We have held in other cases that the lack of funds with which to pay the installments that would be due does not constitute reasonable cause. *Rene R. Bouche*, 18 T. C. 144, 148; *Sidney V. LeVine*, 24 T. C. 147. Neither do we think that any impression petitioners may have received either from respondent's action regarding earlier years or petitioner Harold C. Marbut's talk with Johnson in regard to any unproven policy the respondent's office may have had in regard to the enforcement of the provision requiring the filing of declarations of estimated tax by individuals would constitute reasonable cause for failure of petitioners to file the required returns. *Walter M. Joyce*, 25 T. C. 13, 15; *Howard M. Fischer*, 25 T. C. 102; *A. Raymond Jones*, 25 T. C. 1100; *Coates* v. *Commissioner*, (C. A. 8, 1956) 234 F. 2d 459. In the *Joyce* case, we said:

Counsel for the petitioners argues that Walter relied upon the advice of an accountant that he did not have to file declarations of estimated tax because the general practice of the Bureau of Internal Revenue was not to require the filing of such returns during 1950 and 1951. The record does not support that argument in any particular and one phase of it is incredible.

---

[1] SEC. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT.

(d) ESTIMATED TAX.—

(1) FAILURE TO FILE DECLARATION * * *

(A) * * * In the case of a failure to make and file a declaration of estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willfull neglect, there shall be added to the tax 5 per centum of each installment due but unpaid, and in addition, with respect to each such installment due but unpaid, 1 per centum of the unpaid amount thereof for each month * * * during which such amount remains unpaid. In no event shall the aggregate addition to the tax under this subparagraph * * * exceed 10 per centum of the unpaid portion of such installment. * * *

   *       *       *       *       *       *       *

(2) SUBSTANTIAL UNDERESTIMATE OF ESTIMATED TAX.—If 80 per centum of the tax (determined without regard to the credits under sections 32 and 35), in the case of individuals * * * exceeds the estimated tax (increased by such credits), there shall be added to the tax an amount equal to such excess, or equal to 6 per centum of the amount by which such tax so determined exceeds the estimated tax so increased, whichever is the lesser.

And, in *Howard M. Fischer, supra*, we said (p. 106) : "Reliance upon rumor that the Commissioner would not enforce the law amounts to willful neglect."

We are of the opinion and have so found as a fact that petitioners had no reasonable cause for their failure to file declarations of estimated tax for the years 1950 and 1951 and that such failure was due to willful neglect.

In the nature of an alternative, petitioners contend that the respondent is barred by the statute of limitations from determining any additions to the tax under either section 294 (d) (1) (A) or section 294 (d) (2) for both the years 1950 and 1951. We see no merit in this contention. It is well established that the word "tax" includes any applicable interest, penalty, or other addition, all of which are to be assessed and collected in the same manner as in the case of the principal amount of tax. *Helvering* v. *Mitchell*, 303 U. S. 391 (1938); *Schneider* v. *United States*, (C. A. 6, 1941) 119 F. 2d 215; *E. C. Newsom*, 22 T. C. 225, affirmed per curiam (C. A. 5, 1955) 219 F. 2d 444; *Charles E. Myers, Sr.*, 28 T. C. 12. The *Newsom* and *Myers* cases point out that section 271 (a) defines a deficiency in terms of "the tax imposed by this chapter," chapter 1. Section 294 is included in "this chapter." It follows, therefore, if a section 294 addition to the tax can by itself be a deficiency within the meaning of section 271 (a), it is a part of the tax for the purpose of assessment and collection.

Section 275 (a) of the Internal Revenue Code of 1939 provides that except as provided in section 276 [2] the amount of income taxes imposed by this chapter shall be assessed within 3 years after the return was filed. Petitioners' joint income tax returns for 1950 and 1951 were filed on March 15, 1951, and March 17, 1952, respectively. Before 3 years had expired from March 15, 1951, petitioners executed the consent referred to in our findings extending the time for making any assessment of tax for 1950 to June 30, 1955, or later, if a notice of deficiency in tax is sent before that date. The consent extended the period for all purposes. The addition to the tax under section 294 (d) is a part of the tax and is covered by the agreement. *Emily Marx*, 13 T. C. 1099, appeal dismissed (C. A. 1, 1950). The notice of deficiency herein was mailed on September 24, 1954, and was a timely notice for both years. We hold that the statute of limitations

---

[2] SEC. 276. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION— EXCEPTIONS.

(b) WAIVER.—Where before the expiration of the time prescribed in section 275 for the assessment of the tax, both the Commissioner and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.

had not run when the notice was mailed. We do not think the record in this case contains a factual basis for petitioners' argument that their failure to file declarations of estimated tax was induced by respondent's conduct and, therefore, they may not be penalized for such failure.

Finally, petitioners contend that the single act of failing to file declarations of estimated income tax does not render the taxpayers liable for dual additions to the tax, that is, an addition for failure to file a declaration under section 294 (d) (1) (A) and also for substantially underestimating the tax under section 294 (d) (2). This identical question was considered by us and decided in favor of the respondent in *G. E. Fuller*, 20 T. C. 308, 316. In that case, we upheld the validity of the respondent's supplement to Regulations 111, section 29.294–1 (b) (3) (A) which provides, "In the event of a failure to file the required declaration, the amount of the estimated tax for the purposes of this provision [sec. 294 (d) (2)] is zero." We also noted that the regulation was substantially the same language used in the Conference Report dated May 28, 1943, H. Rept. No. 510, 78th Cong., 1st Sess., p. 56 (1943 C. B. 1351, 1372), wherein it was said, "In the event of a failure to file any declaration where one is due, the amount of the estimated tax for the purposes of this provision will be zero." We, therefore, sustain the respondent's determination. *G. E. Fuller, supra; Harry Hartley*, 23 T. C. 353, 360, modified 23 T. C. 564; *Josef C. Patchen*, 27 T. C. 592, 601; *Farrow* v. *United States*, 159 F. Supp. 581 (1957). See, contra, *United States* v. *Ridley*, 120 F. Supp. 530; *Owen* v. *United States*, 134 F. Supp. 31.

*Decision will be entered for the respondent.*