ANDRE PICARD AND MURIEL F. PICARD, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55760. Filed July 31, 1957.

*Vincent F. Kilborn, Esq.*, for the petitioners.
*Lester R. Uretz, Esq.*, for the respondent.

**OPINION.**

TURNER, *Judge:* The question is as to the petitioners' liability for an addition to tax, under section 294 (d) (1) (A) of the Internal Revenue Code of 1939,[2] for failure to file a declaration of estimated tax for 1950, as required by the statute.

---

[2] SEC. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT.

   (d) ESTIMATED TAX.—

      (1) FAILURE TO FILE DECLARATION OR PAY INSTALLMENT OF ESTIMATED TAX.—

      (A) Failure to File Declaration.—In the case of a failure to make and file a declaration of estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 per centum of each installment due but unpaid, and in addition, with respect to each such installment due but unpaid, 1 per centum of the unpaid amount thereof for each month (except the first) or fraction thereof during which such amount remains unpaid. In no event shall the aggregate addition to the tax under this subparagraph with respect to any installment due but unpaid, exceed 10 per centum of the unpaid portion of such installment. For the purposes of this subparagraph the amount and due date of each installment shall be the same as if a declaration had been filed within the time prescribed showing an estimated tax equal to the correct tax reduced by the credits under sections 32 and 35.

On brief, the petitioners' contentions are formally divided into two parts: (1) That their failure to file a declaration of estimated tax was due to reasonable cause; and (2) that the consent, Form 872, as executed, was not a waiver of the statute of limitations on additions to tax provided in sections 294 (d) (1) (A) and 294 (d) (2) of the 1939 Code.[3] The brief contains the further argument, however, that no declaration of estimated tax or installment thereof was due on March 15, 1950. The respondent not only takes the contra position on these contentions, but, in the alternative, claims that if, as petitioners argue, the consent filed was not in and of itself an effective waiver of the limitation for the assessment of the addition to tax, the petitioners, in the circumstances shown, are estopped to deny the validity thereof.

As a basis for the contention that no declaration of estimated tax or payment of installment thereof was due on March 15, 1950, it is argued that petitioner's total foreseeable income for 1950 was $10,000; that since under the statute, section 58 of the 1939 Code,[4] a declaration

[3] From the deficiency notice, it is to be noted that no addition to tax has been determined by the respondent under section 294 (d) (2), and there is no such issue in this proceeding.

[4] SEC. 58. DECLARATION OF ESTIMATED TAX BY INDIVIDUALS.

(a) REQUIREMENT OF DECLARATION.—Every individual (other than an estate or trust and other than a nonresident alien with respect to whose wages, as defined in section 1621 (a), withholding under Subchapter D of Chapter 9 is not made applicable) shall, at the time prescribed in subsection (d), make a declaration of his estimated tax for the taxable year if—

(1) his gross income from wages (as defined in section 1621) can reasonably be expected to exceed the sum of $4,500 plus $600 with respect to each exemption provided in section 25 (b) ; or

(2) his gross income from sources other than wages (as defined in section 1621) can reasonably be expected to exceed $100 for the taxable year and his gross income to be $600 or more.

* * * * * * *

(c) JOINT DECLARATION BY HUSBAND AND WIFE.—In the case of a husband and wife, a single declaration under this section may be made by them jointly, in which case the liability with respect to the estimated tax shall be joint and several. No joint declaration may be made if either the husband or wife is a nonresident alien. If a joint declaration is made but a joint return is not made for the taxable year, the estimated tax for such year may be treated as the estimated tax of either the husband or the wife, or may be divided between them.

(d) TIME AND PLACE FOR FILING.—

(1) IN GENERAL.—The declaration required under subsection (a) shall be filed on or before March 15 of the taxable year, except that if the requirements of section 58 (a) are first met

(A) after March 1 and before June 2 of the taxable year, the declaration shall be filed on or before June 15 of the taxable year, or

(B) after June 1 and before September 2 of the taxable year, the declaration shall be filed on or before September 15 of the taxable year, or

(C) after September 1 of the taxable year, the declaration shall be filed on or before January 15 of the succeeding taxable year.

(2) AMENDMENT OF DECLARATION.—An individual may make amendments of a declaration filed during the taxable year under this subsection, under regulations prescribed by the Commissioner with the approval of the Secretary. If so made, such amendments may be filed on or before the fifteenth day of the last month of any quarter of the taxable year subsequent to that in which the declaration was filed and in which no previous amendment has been filed, except that in the case of an amendment filed after September 15 of the taxable year, it may be filed on or before January 15 of the succeeding taxable year. Declarations and amendments thereof shall be filed with the collector specified in section 53 (b) (1).

of estimated tax is required of an individual only if his gross income from wages can reasonably be expected to exceed the sum of $4,500 plus $600 for each exemption credit, no declaration is required of individuals making joint declarations, unless the joint income of such taxpayers can reasonably be expected to exceed $9,000, plus $600 for each exemption allowable as a credit. Adding $600 each for petitioner, his wife, and her mother, it is contended that no declaration of estimated tax or payment of installment thereof was required of petitioners on or before March 15, 1950, since their income could not, prior to the end of the company's fiscal year, have been expected to exceed $10,800, which the petitioners regard as the exemption applicable to them.

The difficulty with the argument made is that the statute does not so provide. By its plain words, section 58 (a) requires a declaration of estimated tax by "every individual" if "his" gross income "from wages * * * can reasonably be expected to exceed the sum of $4,500 plus $600 with respect to each exemption * * *; or * * * his gross income from sources other than wages * * * can reasonably be expected to exceed $100 for the taxable year and his gross income to be $600 or more." There is no provision increasing the minimum amount requiring the filing of such a declaration, whether the parties intend to file a joint declaration of estimated tax or individual declarations of estimated tax. See also section 29.58-2, Regulations 111, and the Report of the Committee on Finance of the Senate on the bill which became the Individual Income Tax Act of 1944, S. Rept. No. 885, 78th Cong., 2d Sess. (1944), p. 2.

Since the fixed income of the petitioner for 1950 was known at the beginning of the year as $10,000, regardless of the amount of the bonus to which he might become entitled, and such fixed income was in excess of $6,300, namely, $4,500 plus 3 exemption credits of $600 each, he was required to file a declaration of estimated tax, whether the declaration was his alone or a joint declaration for himself and his wife.

It is to be noted also that the joint income tax return for 1950, when filed, disclosed income other than wages, namely, interest in the amount of $278.91. And under section 58 (a) (2), a declaration of estimated tax was required of petitioner, providing his gross income other than wages could reasonably be expected to exceed $100 for the taxable year and his gross income to be $600 or more. There is no evidence indicating whether the $278.91 in interest could, or could not, reasonably have been expected at the beginning of 1950.

It is thus apparent that petitioner was required to file a declaration of estimated tax, whether individual or joint with his wife, on or before March 15, 1950, which admittedly he did not do.

Aside from the above, the petitioners base their argument that their failure to file a declaration of estimated tax on or before March 15, 1950, was due to reasonable cause, on the proposition that, in the circumstances here, their ignorance of the law constitutes reasonable cause. That ignorance of the law does not amount to reasonable cause, for the purposes herein, has previously been considered and decided by this Court contrary to the contention of the petitioners, and their contention is likewise denied here. *Walter M. Joyce*, 25 T. C. 13. We are unable to say that the particular facts and circumstances of the instant case are any more persuasive of a contra conclusion than were present in cases previously decided. His failure to file the required declaration of estimated tax was not due to reasonable cause.

The argument that the statute of limitations bars the assessment and collection of the addition to tax is based on the fact that the consent, while specifically referring to income tax, excess profits tax, and war profits tax, does not specifically refer to additions to tax. The contention so made was considered and decided in *Harold C. Marbut*, 28 T. C. 687, wherein we held that the word "tax" in such waivers included any applicable interest, penalty, or other addition. It also appears of record, and we have so found, that the petitioner at the time of signing the said waiver knew that there was then pending between him and the Internal Revenue Service with respect to his tax year 1950 the question whether he was liable for an addition to tax for having failed to file a declaration of estimated tax for the said year within the time prescribed by the statute, and there is no indication that he had reason to believe there was anything more. It is thus apparent, we think, that the waiver was intended to cover and did cover the assessment and collection of any addition to tax which should be determined within the period as extended. The contention that the period for assessment and collection of the addition to tax was not extended is accordingly rejected, and it thus becomes unnecessary to consider and decide the estoppel issue affirmatively raised by the respondent.

*Decision will be entered for the respondent.*