George Olshausen v. Commissioner.
Olshausen v. Commissioner
Docket No. 61127.
United States Tax Court
T.C. Memo 1958-85; 1958 Tax Ct. Memo LEXIS 145; 17 T.C.M. (CCH) 419; T.C.M. (RIA) 58085; May 13, 1958
George Olshausen, 1238 Pacific Avenue, San Francisco, Calif., pro se. Leslie T. Jones, Jr., Esq., and T. M. Mather, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in additions to the tax under section 294 of the Internal Revenue Code of 1939 for each of the years 1952 and 1953, as follows: Additions to the
Tax Under
Sec. 294
Sec. 294
Year
Deficiency
(d)(1)(A)
(d)(2)
1952
$734.84
$489.92
1953
114.73
76.50
*146 The issues are: (1) Whether the respondent may proceed by notice of deficiency where the determination involves only additions to the tax; (2) whether such proceeding violates the Fifth and Seventh Amendments to the Constitution; (3) whether the respondent is barred by laches; (4) whether the respondent erred in determining that the failure to file a declaration of estimated tax was not due to reasonable cause; and, (5) whether the respondent properly determined additions to the tax for substantial understatement of estimated tax. Findings of Fact Some facts have been stipulated and are found accordingly. Petitioner is an individual residing at 1238 Pacific Avenue, San Francisco, California. His returns for the taxable years involved were filed with the director of internal revenue for the district of San Francisco, California. Petitioner is an attorney and has practiced in the courts of California since 1926. During the taxable years in question the petitioner did not file a declaration of estimated tax. Petitioner filed a declaration of estimated tax in either 1943 or 1944. Under the belief the law had been changed, petitioner filed no declaration during the period *147 1945 to 1953, inclusive. On January 15th of each year petitioner regularly filed Form 1040 and paid the tax shown to be due. Petitioner stated he was under the impression that the filing of a declaration of estimated tax was optional if Form 1040 was filed on January 15th. Petitioner was unable to recall how he gained the impression a declaration was unnecessary. Petitioner made no investigation of the law. During the period 1945 to 1953, inclusive, the returns filed on Form 1040 by the petitioner disclosed his failure to file the declarations of estimated tax. During the period between 1944 and 1953, petitioner received a refund and was billed for additional amounts due. During such period petitioner was not contacted by the Internal Revenue Service and believes the adjustments referred to were mathematical. In each of the years 1946 and 1950, petitioner reported income apportioned under section 107 of the 1939 Code. Petitioner was unable to recall how he found out how to use and compute his income under section 107, but thought he got such information from conversations with other attorneys who were familiar with such section. In preparing his returns on Form 1040, petitioner *148 used the instruction pamphlet, which usually accompanied the form, as a reference book where a reference to the instructions appeared on the face of Form 1040. On March 13, 1950, the Commissioner of Internal Revenue issued a press release pertaining to section 294 of the Code. Petitioner was unaware of such release until it was called to his attention at a conference with revenue agents which occurred in the fall of 1955. In the deficiency notice, the respondent made the following explanation: "You did not file Declarations of Estimated tax nor make timely payments of estimated tax for the taxable years 1952 and 1953. No reasonable cause having been shown, you are liable for the additions to the tax provided by section 294 (d)(1)(A) and section 294(d)(2), Internal Revenue Code (1939) for the taxable years 1952 and 1953." Petitioner's failure to file declarations of estimated tax for the taxable years 1952 and 1953 was not due to reasonable cause. Opinion LEMIRE, Judge: The respondent determined additions to the tax under section 294 of the Internal Revenue Code of 1939 against petitioner for each of the taxable years 1952 and 1953. The amounts of the additions to the *149 tax determined by the respondent are not in dispute. Petitioner makes no claim that he filed a declaration of estimated tax in the taxable years involved. Petitioner is a lawyer appearing pro se. His primary contention is that the respondent is not authorized to proceed by notice of deficiency where only additions to the tax are determined, and the notice here in question is not a notice of deficiency within the definition of section 271 of the Code. We find no merit in such contention. It is well settled that a notice involving merely additions to the tax under section 294 is a deficiency notice under section 271, and that the filing of a petition with this Court confers jurisdiction. Herbert Eck, 16 T.C. 511, affd. 202 Fed. (2d) 750, certiorari denied 346 U.S. 822; E. C. Newsom, 22 T.C. 225, affd. per curiam 219 Fed. (2d) 444; Union Telephone Co., 41 B.T.A. 152; Ely & Walker Dry Goods Co. v. United States, 34 Fed. (2d) 429; certiorari denied 281 U.S. 755; Charles E. Myers, Sr., 28 T.C. 12. The petitioner further argues that to uphold the respondent's right to *150 proceed by deficiency notice deprives him of the right to a jury trial under the Seventh Amendment, and violates the due process clause under the Fifth Amendment to the Constitution. The constitutionality of sections 58 and 294 here involved has recently been considered and upheld. Erwin v. Granquist, 253 Fed. (2d) 26 (Feb. 13, 1958) certiorari applied for. The Seventh Amendment, relating to a jury trial, applies only to actions at law and not to statutory proceedings. Wickwire v. Reinecke, 275 U.S. 101. Petitioner could pay the tax, sue for refund, and thus have a jury trial. We find no merit in either of petitioner's contentions. The defense of laches is equally without merit. The Supreme Court in a number of cases has held that the United States is not subject to the defense of laches, if any here exist. United States v. Summerlin, 310 U.S. 414, 416 (citing authorities). The issue whether the petitioner's failure to meet the requirements of section 58 was due to reasonable cause and not to wilful neglect presents a factual question to be resolved upon the merits. Section 294(d)(1)(A) imposes the duty upon the Commissioner to determine, *151 in the first instance, whether or not the failure to file a declaration of estimated tax is due to reasonable cause. Such a determination was made and is prima facie correct. The burden is upon the petitioner to establish that the failure was due to reasonable cause. Wickwire v. Reinecke, supra; Welch v. Helvering, 290 U.S. 111. Reasonable cause is defined as the "exercise of ordinary business care and prudence." In re Fisk's Estate, 203 Fed. (2d) 358. Petitioner contends that the evidence in the instant case brings him within that definition. As justification for his failure to file the declarations, petitioner contends that no one connected with the revenue service ever called his attention to the necessity of filing declarations, although his regular returns filed on Form 1040 clearly disclose that he had not filed any declarations. Ignorance of the law is no excuse. The record, however, shows that petitioner was familiar with the requirements of the law since in either 1943 or 1944 he did file such a declaration. Petitioner testified that he gained the impression that there had been a change in the policy of the Internal Revenue Service *152 not to require a declaration where Form 1040 was filed by January 15th. Petitioner could not recall where he gained such impression. As an additional excuse, petitioner testified that Form 1040 made no reference to the necessity to file a declaration and since the questions pertaining to withholding on Form 1040 were not changed over the years, he did not examine the instruction pamphlet. Petitioner could not rely upon the failure of the revenue service to call his omission to his attention. This record persuades us that petitioner did not use reasonable diligence in ascertaining his duty to comply with the law. Any reasonable and prudent person would not rely upon an impression, but would consult the current law. Neither indifference nor reliance upon rumor constitute reasonable cause. Howard M. Fischer, 25 T.C. 102; Harold C. Marbut, 28 T.C. 687; Charles M. Kilborn, 29 T.C. 102 (on appeal C.A. 5). Upon the entire record we are of the opinion that petitioner has not carried the burden of showing that his failure to file declarations of estimated tax in the taxable years 1952 and 1953 was due to reasonable cause and we have so found as a *153 fact. Finally, petitioner contends that since he filed no declarations of estimated tax, the additions to the tax under section 294 (d)(2) cannot be sustained. A number of District Court decisions support the petitioner. [1]
This Court has consistently held that the additions to the tax under sections 294 (d)(1)(A) and 294(d)(2) are cumulative. G. E. Fuller, 20 T.C. 308; H. R. Smith, 20 T.C. 663; Harry Hartley, 23 T.C. 353; Clark v. Commissioner, - Fed. (2d) - (Mar. 13, 1958) affirming a memorandum opinion of this Court [15 TCM 913, T.C. Memo. 1956-176]. See also, Peterson v. United States, 141 Fed. Supp. 382; Farrow v. United States, 150 Fed. Supp. 581; Palmisano v. United States, 159 Fed. Supp. 98. The respondent's determination as to the additions *154 to the tax under sections 294(d) (1)(A) and 294(d)(2) for each of the taxable years 1952 and 1953 is sustained. Decision will be entered for the respondent. Footnotes
1. United States v. Ridley, 120 Fed. Supp. 530; Jones v. Wood, 151 Fed. Supp. 678; Owen v. United States, 134 Fed. Supp. 31; Powell v. Granquist, 146 Fed. Supp. 308; Stenzel v. United States, 150 Fed. Supp. 364↩; Barnwell v. United States, , Fed. Supp. (Feb. 4, 1958).