Israel Steingold and Norma T. Steingold v. Commissioner.
Steingold v. Commissioner
Docket No. 66852.
United States Tax Court
T.C. Memo 1959-134; 1959 Tax Ct. Memo LEXIS 116; 18 T.C.M. (CCH) 592; T.C.M. (RIA) 59134; June 29, 1959
*116 Additions to tax: Failure to file declaration of estimated tax: Reasonable cause. - Taxpayer, an attorney, failed to file a declaration of estimated tax for the year 1954. His explanation was that he relied on statements made by individuals in newspaper and magazine articles and upon advice of accountants to the effect that assessments of the additions to tax for failure to file and failure to pay the estimated tax were not enforced where a return was filed with payment of the full amount of tax on or before January 15 of the following taxable year. The Tax Court held that taxpayer's reliance on these statements and advice did not constitute reasonable cause. Therefore, taxpayer was liable for the additions to tax for failure to file a declaration of estimated tax and for substantial underestimation of the estimated tax. Lewis B. Greenbaum, Esq., for the petitioners. Ferd J. Lotz, Esq., for the respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: Respondent determined a deficiency in addition to income tax of the petitioners for the taxable year 1954 in the amount of $927.93 for failure to file a declaration of estimated tax and for substantial underestimation *117 of estimated tax, as provided by sections 294(d)(1)(A) and 294(d)(2) of the Internal Revenue Code of 1939. The issues are: (1) Whether petitioners' failure to file a declaration of estimated tax for the year 1954 was due to reasonable cause; and (2) Whether petitioners substantially underestimated their estimated tax for the year 1954. Findings of Fact Petitioners are husband and wife and residents of Richmond, Virginia. They filed a joint individual income tax return for the calendar year 1954 with the district director of internal revenue at Richmond, Virginia. Israel Steingold has been actively engaged in the practice of law for many years and derives substantially all of his income therefrom. For the years 1949, 1950, and 1953, he received gross income from the practice of law in the respective amounts of $16,456.28, $15,594.45, and $21,319. For the years 1951 and 1952, petitioners' tax returns reveal the following: Minimum
Net
Gross
Year
Income
Expenses
Income
1951
$3,149.76
$16,002.90
$19,152.66
1952
4,384.14
16,892.19
21,276.33
During the year 1954, Israel's gross income received from the practice of law was as follows: 1/ 1/54- 3/ 1/54
$ 8,204.17
3/ 2/54- 6/ 1/54
9,651.06
6/ 2/54- 9/ 1/54
6,546.98
9/ 2/54-12/31/54
22,883.32
$47,285.53 * *118 Israel discussed with the two certified public accountants, Hyman B. Swartz, who was until 1948 an internal revenue agent, and A. David Krell and with other accountants prior to and during the taxable year 1954 the matter of filing declarations of estimated tax. Swartz advised him that it was the policy of the Internal Revenue Service in the Richmond area not to assess any penalty if a final return, with payment, was made by January 15 of the following taxable year. Israel read newspaper and magazine articles discussing the manner of filing tax returns, and generally expressing the same opinion about filing estimated tax returns. Neither Swartz nor Krell nor any of the authors of the various articles specifically advised against filing estimated tax returns. However, Israel relied on the information received from the accountants and newspaper articles and did not file declarations of estimated tax for the year 1954. Israel received a single fee of $16,000 in the month of October 1954. Subsequent to 1951, and prior to 1954, respondent asserted additions to the tax against petitioners for violation of section 294(d) *119 in the total amount of $66.85. In June 1953, petitioners signed Form 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment, thereby agreeing to the assessment of certain deficiencies for 1950 and 1951 and additions to tax for violation of section 294(d) of the 1939 Code for the year 1951. Petitioners' failure to file a declaration of estimated tax for the year 1954 was not due to reasonable cause. Petitioners substantially underestimated their estimated tax for the year 1954. Opinion Petitioners failed to file a declaration of estimated tax for the year 1954 as required by section 58(a) of the 1939 Code. Respondent accordingly determined that petitioners are subject to additions to tax for that year pursuant to section 294(d)(1)(A) and (d)(2) of the 1939 Code. Petitioners' explanation for failing to comply with the requirements of section 58(a) is that Israel relied on statements made by individuals in newspaper and magazine articles and upon advice of accountants to the effect that the Internal Revenue Service would not enforce the provisions of the Code assessing additions to tax for failure to file and failure to pay the estimated *120 tax where a return was filed with payment of the full amount of tax on or before January 15 of the following taxable year. However, the accountant did not specifically advise petitioner not to file. Under this circumstance, this Court has held that such reliance does not constitute reasonable cause. Harold C. Marbut, 28 T.C. 687 (1957). Petitioners do not otherwise argue the applicability of section 294(d), except insofar as there is imposed a double penalty. Petitioners make no new arguments and no attempt to distinguish the earlier cases in which this Court has held that the two additions to tax pursuant to section 294(d)(1)(A) and (d)(2) are properly imposed where there has been a failure to file and a failure to estimate the tax. Harry Hartley, 23 T.C. 353 (1954), also 23 T.C. 564 (1954). Accordingly, we hold that petitioners are liable for the addition to tax pursuant to section 294(d)(1)(A) and (d)(2) for failure to file a declaration of estimated tax and for substantial underestimation of the estimated tax. Decision will be entered for the respondent. Footnotes
*. The excess of $45 results from a typographical error in the transcript.