Estate of J. O. Willett, Deceased, R. S. Turner and Zoe C. Willett, Co-executors, and Zoe C. Willett, Surviving Wife v. Commissioner.
Estate of Willett v. Commissioner
Docket No. 1552-62.
United States Tax Court
T.C. Memo 1964-125; 1964 Tax Ct. Memo LEXIS 208; 23 T.C.M. (CCH) 733; T.C.M. (RIA) 64125; May 6, 1964
C. McVea Oliver, for the petitioners. Willard A. Herbert, for the respondent. TURNER
Memorandum Findings of Fact and Opinion TURNER, Judge: The respondent determined a deficiency in income tax against the petitioners for the year 1958 in the amount of $86,764. The issues for decision are (1) whether gain should be recognized upon the transfer by the decedent of all the assets and liabilities of his sole proprietorship, which had previously elected to be taxed as a domestic corporation under section 1361 of the Internal Revenue Code of 1954, to an actual corporation in exchange for all of the outstanding stock of the corporation, and (2) whether the amount of $4,000 received by the decedent from the corporation during 1958 constituted a dividend to him. The petitioners also seek to contest *209 certain adjustments made by the respondent with respect to their income for the year 1959. The result, however, of the respondent's adjustments for 1959 is that an over-assessment in the amount of $1,090.14 has been determined. There being no deficiency determined for 1959, the proceeding with respect to that year will be dismissed for lack of jurisdiction. Loyd L. Parker, 37 T.C. 331; Charles E. Myers, Sr., 28 T.C. 12. Findings of Fact Some of the facts have been stipulated and are found as stipulated. J. O. Willett, the decedent, died on October 15, 1960. With his wife Zoe C. Willett, who survived him, he filed a joint income tax return for the calendar year 1958 with the district director of internal revenue for the district of Louisiana. For a number of years, the decedent operated as a sole propietorship a business known as J. O. (Red) Willett Pipeline Stringing, which performed certain services for the oil and gas pipeline construction industry. As of January 1, 1955, the decedent's basis for his proprietorship interest was $143,248.72. By a timely election, the decedent elected to have the proprietorship taxed as a corporation, under the *210 provisions of section 1361 of the 1954 Code, for the year 1955 and subsequent years. In accordance with that election, corporation income tax returns were filed in the name of the proprietorship for each of the calendar years 1955, 1956 and 1957. On January 1, 1958, the decedent transferred all of the assets of the proprietorship to a corporation known as J. O. (Red) Willett Pipeline Stringing Corporation in exchange for all of the capital stock of the corporation and the assumption of the proprietorship liabilities by the corporation. The corporation had been organized under the laws of the State of Louisiana in 1954 but had been inactive until the date of the transfer. The assets transferred to the corporation and the liabilities assumed by the corporation were as follows: Assets transferred
$1,031,719.99
Liabilities assumed
550,362.44
Net amount
$ 481,357.55
The corporation, acting through its agents, expended sums of money each year to solicit new business and to maintain existing business relations. The respondent determined that, on the transfer of the proprietorship business to the corporation, the decedent realized a long-term capital gain of $338,108.83. *211 This represented the amount by which the net assets transferred exceeded the decedent's basis of his proprietorship interest as of January 1, 1955, the beginning of the election period. The respondent also determined that $4,000 received by the decedent from the corporation during 1958 constituted a dividend to him. Opinion The first issue in this case concerns the transaction by which the decedent transferred his business, a sole proprietorship taxable as a corporation under section 1361 of the Internal Revenue Code of 1954, to an actual corporation in exchange for all of the outstanding stock of the corporation. It is the contention of the respondent that this transaction constituted a distribution in liquidation of the unincorporated business, within the meaning of section 1361(1), [1] resulting in long-term capital gain to the decedent. The petitioners contend that the transaction constituted a nontaxable exchange. *212 The precise issue here involved was presented to us in Estate of David Wein, 40 T.C. 454. In that case we held that a transaction identical in all material respects to the transaction in the instant case constituted a distribution in liquidation to the proprietor, who thereby realized long-term capital gain. The petitioners take the position that the Wein case was wrongly decided. Suffice it to say that the views we expressed in that case have now been affirmed per curiam, - F. 2d . The contentions of the petitioners to the contrary are accordingly denied. The second issue involves the respondent's determination that $4,000 received by the decedent from the corporation during 1958 constituted a dividend. The petitioners contend that these funds were used by the decedent for business entertainment and gifts to customers of the corporation. It has been stipulated that the corporation, acting through its agents, expended sums of money each year to solicit new business and to maintain existing business relations. The record, however, is completely devoid of any evidence that the $4,000 in question, or any part thereof, was expended by the decedent for these purposes *213 or on behalf of the corporation in any manner. Since the petitioners have failed completely to carry their burden of proof on this issue, the respondent's determination is sustained. Decision will be entered for the respondent as to the year 1958, and an order will be entered dismissing the proceeding for lack of jurisdiction as to the year 1959. Footnotes
1. SEC. 1361. UNINCORPORATED BUSINESS ENTERPRISES ELECTING TO BE TAXED AS DOMESTIC CORPORATIONS. * * *
(1) Distributions in Liquidation. - A distribution in partial or complete liquidation with respect to a proprietorship or partnership interest by an enterprise as to which an election has been made under subsection (a), shall be treated as a corporate liquidation in accordance with part II of subchapter C of this chapter.↩